Morgan, Lewis & Bockius LLP
5175 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel. 612.344.1000
Fax: 612.344.1001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Sam S. Shaulson
212.309.6718
sshaulson@MorganLewis.com

November 3, 2010

**VIA FACSIMILE AND ECF**

The Honorable Michael Dolinger
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, New York 10007

Re:   *Winfield et al. v.Citibank, N.A., 10 Civ. 7304; Ruiz v. Citibank, N.A., 10 Civ. 5950*

Dear Judge Dolinger:

We represent Defendant Citibank, N.A. ("Citibank") in the above-referenced cases in which Plaintiffs allege that they and other Personal Bankers nationwide were not paid overtime compensation purportedly due under the Fair Labor Standards Act. During yesterday's November 2, 2010 conference, the Court requested that the parties address the issue of whether Citibank must produce to Plaintiffs a list of the names and contact information for all other Personal Bankers nationwide, going back three years, based solely on the fact that they have filed a complaint that alleges a collective action, and without any determination by this Court, even at the initial stage, that Plaintiffs are similarly situated to anyone. Accordingly, we respectfully submit this letter brief setting forth why Plaintiffs are not entitled to the production of a putative class list prior to conditional certification.

Requiring Citibank to provide a list of purported collective action members prior to Plaintiffs establishing that a group of similarly situated employees exists and obtaining an order approving of collective action notice is contrary to established practice, contrary to the U.S. Supreme Court's decision in *Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989), contrary to Congressional intent, and contrary to the vast majority cases in this Circuit and elsewhere. Indeed, it is the standard, accepted practice in the district courts of this and other circuits to follow a two-step process in managing an FLSA collective action. The first step is consideration of a conditional certification (or notice) motion which, if granted, would allow plaintiffs access to a list of similarly situated putative collective class members in order to send court-supervised notice under § 216(b) of the FLSA. *See, e.g., Chowdhury v. Duane Reade, Inc.*, 06 Civ. 2295,

Minneapolis   Philadelphia   Washington   New York   Los Angeles   San Francisco   Miami   Pittsburgh   Princeton   Chicago
Palo Alto   Dallas   Houston   Harrisburg   Irvine   Boston   Wilmington   London   Paris   Brussels   Frankfurt   Beijing   Tokyo

DB1/65945816

Hon. Michael H. Dolinger
November 3, 2010
Page 2

2007 U.S. Dist. LEXIS 73853, at *7-8 (S.D.N.Y. Oct. 2, 2007). In order for this motion to be granted, plaintiffs have the burden of making a showing that the putative collective class is similarly situated. *Id.* Assuming conditional certification is granted, after discovery, usually in response to a motion by defendant for decertification, the Court proceeds to the second stage of authorizing a collective action by reviewing the collective action certification more rigorously. *Damassia v. Duane Reade, Inc.*, 04-Civ-8819, 2006 U.S. Dist. LEXIS 73090, at *11 (S.D.N.Y. Oct. 4, 2006); *Dumitrescu v. Mr. Chow Enter., Ltd.*, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008). The decisions in this Circuit utilizing this paradigm are too numerous to exhaustively list.[1]

The decision of whether to exercise the Court's power to send notice to individuals who are not parties to the litigation is one that must be carefully considered after evaluating competing interests. While the Court can and should exercise this discretion after granting a properly-filed notice motion, plaintiffs should not be able to obtain a class list to solicit additional class members prior to any evidentiary showing or proof that the putative class members are similarly situated. In *Sperling*, the United States Supreme Court held that "district courts have *discretion, in appropriate cases*, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Id.* at 169 (emphasis added). The Court cautioned that although "[c]ourt intervention in the notice process for case management purposes" is an appropriate use of the court's power, "the solicitation of claims" is not, and "courts must be scrupulous to respect judicial neutrality." *Sperling*, 493 U.S. at 174. To reflexively require the defendant to produce the names and contact information for the entire putative class based solely on the filing of a complaint, without any finding that plaintiffs are similarly situated to anyone, or that the case is an "appropriate" case for notice to potential plaintiffs, would eviscerate the two-step process, and permit the Court's power to be misused for the solicitation of claims.

---

[1] By way of limited example, *see, e.g., Iriarte v. Redwood Deli & Catering, Inc.*, 2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. June 30, 2008) (Gold, M.J.); *LaRoque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) (Irizarry, J.); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) (Batts, J.); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007) (Robinson, J.); *Khalil v. Original Homestead Rest., Inc.*, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) (Howell, J.); *Levy v. Verizon Info. Servs, Inc.*, 2007 U.S. Dist. LEXIS 43223 (E.D.N.Y. 2007) (Gershon, J.); *Lynch v. United Srvs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) (McMahon, J.); *Trinidad v. Breakaway Courier Sys., Inc.*, 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. Jan 12, 2007) (Sweet, J.); *Lee v. ABC Carpet & Home, Inc.*, 236 F.R.D. 193 (S.D.N.Y. April 24, 2006) (Batts, J.); *Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. April 24, 2006) (Crotty, J.); *Glowacka v. Zablocki Indus.*, Inc., 2006 U.S. Dist. LEXIS 72343 (E.D.N.Y. April 13, 2006) ) (J. Orenstein, M.J.); *Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006) (Reyes, M.J.); *Mazur v. Olek Lejbzon & Co.*, 2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 29, 2005) (Freeman, M.J.); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) (Gorenstein, J.); *Patton v. Thomson Corp*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (J. Orenstein, M.J.).

Hon. Michael H. Dolinger
November 3, 2010
Page 3

Not surprisingly, attempts by plaintiffs to circumvent the court-supervised notice procedure of § 216(b) by trying to obtain a class list prior to conditional certification have been rejected over and over again. *See e.g., Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627, at *7-8 (E.D.N.Y. June 12, 2006) (plaintiffs' pre-certification motion to compel discovery of names and addresses denied because plaintiff failed to submit any evidence that a class of similarly situated individuals existed under the first-stage analysis); *Stephens v. Erosion Containment Mgmt., Inc.*, 2008 U.S. Dist. LEXIS 40986, at *3 (M.D. Fla. May 21, 2008) (same); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal 2007) ("Under 29 U.S.C. § 216(b), defendant is only required to provide potential plaintiffs' contact information after conditional certification of the collective class."); *Barton v. The Pantry, Inc.*, 2006 U.S. Dist. LEXIS 62989, at *4-5 (D.N.C. Aug. 31, 2006) (same); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (same) (citing *Brooks v. BellSouth Telecommunications, Inc.*, 164 F.R.D. 561, 571 (N.D. Ala. 1995) (concluding that discovery of the names and addresses of putative class members was improper where no collective action had been conditionally certified).

Here in the Second Circuit, courts likewise have repeatedly rejected plaintiffs' efforts to obtain a class list prior to conditional certification. For example, in *Gold v. Clear Channel Communications, Inc.*, No. 1:07-CV-08204 (S.D.N.Y. March 7, 2008), after extensive briefing and argument, Judge Cote stated in the strongest and clearest of terms: ***"I am not going to give you discovery of the contact information because that is the whole point of whether or not the notice can be provided.***" (attached hereto as Exhibit A, Docket No. 34 at 15:20-22) (emphasis added). In denying pre-certification discovery of the class list, Judge Cote rejected plaintiffs' arguments that the information was necessary for preparing the conditional certification motion and that without it, plaintiffs were "hobbled" in their efforts. *Id.* at 15:7-17:5.

Magistrate Judge Smith and Judge McMahon reached the same result in *Anglada v. Linens 'N Things, Inc.*, 2007 U.S. Dist. LEXIS 38918 (S.D.N.Y. May 29, 2007) and 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007). There, Plaintiff sought to bring a collective action on behalf of Defendant's managers nationwide and moved the Court to "direct the Defendant to produce the names and addresses of potential 'opt-in' class members to Plaintiff's counsel prior to the issuance of the proposed collective action notice." 2007 U.S. Dist. LEXIS, at *2. While Judge Smith authorized notice to the putative class, she limited notice to managers employed at the two stores in which Plaintiff worked. Significantly, Judge Smith limited the production of names and addresses of class members to only those individuals who worked in the two stores and, thus, to only those managers Plaintiff established were similarly situated through a properly filed conditional certification motion. *Id.* at *3-4. Judge McMahon approved Judge Smith's order *in toto*. 2007 U.S. Dist. LEXIS 38918, at *1. Similarly, in *Clarke v. J.P. Morgan Chase*, No. 08-CV-2400 (S.D.N.Y.), Magistrate Judge Freeman rejected plaintiff's counsel's attempt to obtain a class list in that FLSA misclassification action as improper prior to conditional certification.

Likewise, Magistrate Judge Lindsay rejected plaintiff's pre-certification motion to compel a class list as "premature," writing that "the discovery sought by the plaintiffs is improper because the

class has not been conditionally certified…" *Searson v. Concord Mortgage Corp.*, 2008 U.S. Dist. LEXIS 28667, at *2-3 (E.D.N.Y. Apr. 8, 2008).

This approach – ordering the production of a class list only <u>after</u> a class has been conditionally certified – not only complies with the two-stage process detailed above, but is supported by the legislative history of the FLSA. In 1947, Congress responded to a flood of "representative" litigation by amending the FLSA, under the title "Representative Actions Banned," to preclude an employee's overtime claims from being adjudicated absent the employee's "consent in writing." 29 U.S.C. § 216(b); Pub. L. 49, ch. 52 § 61 Stat. 84, 87 (1947). Chief among Congress' concerns was to "limit the scope of representative actions for overtime pay" (not expand it), to prevent "champertous practices" (not aid them) and to avoid stirring up litigation (not encourage it). 29 U.S.C. § 251(a)(7); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3rd Cir. 2003); *Chemi v. Champion Mortgage*, No. 05-cv-1238 (D.N.J. June 19, 2006) (attached hereto as Exhibit B). With respect to the discovery in particular, Congress expressed significant concern regarding "one or two employees on behalf of many others" bringing suit and then imposing tremendous financial burdens upon the employer by "calling upon the employer to furnish specific information regarding each employee during the entire period of employment." H.R. Report No. 71, 80th Congress, 1st Session 4 (1947).

More recently, in passing the Class Action Fairness Act of 2005, Congress expressed a similar intent in the Rule 23 class-action context:

> It would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified.

Senate Judiciary Report to Class Action Fairness Act of 2005, S. Rep. 109-14, at 44 (2005), as reprinted in 2005 U.S.C.C.A.N. 3. The U.S. Supreme Court has expressed a similar view. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 342, 352, 354 (1978) (rejecting plaintiffs' attempt to obtain Rule 23 class list through discovery rules prior to certification because the "attempt to obtain the class members' names and addresses cannot be forced into the concept of "relevancy," concluding that "[i]n short, we do not think that the discovery rules are the right tool for this job," and holding "that Rule 23(d), which concerns the conduct of class actions, not the discovery rules, empowers the District Court to direct petitioners to help compile [] a [class] list"). *See also Lucas v. GC Servs., L.P.*, 2005 U.S. Dist. LEXIS 6229, at *2-3 (N.D. Ind. Apr. 11, 2005) (The federal discovery rules may not be used to pursue the names and addresses of class members purely for the sake of sending class notice.").

While Plaintiffs may tell the Court otherwise, Plaintiffs seek to obtain a class list at this early stage to contact class members and solicit opt-ins without the Court's management of the notice process. It is routine practice of plaintiffs' counsel in these types of cases to contact putative

Hon. Michael H. Dolinger
November 3, 2010
Page 5

collective action members and solicit them to opt-in or otherwise participate in the case. But allowing them to contact opt-ins prior to carrying their statutory burden of making a showing that putative class members are similarly situated would blatantly disregard the very purpose of the court-approved notice procedure, *i.e.*, limiting such notice to those the court determines are similarly situated and avoiding unnecessary litigation. *See Sperling*, 493 U.S. at 170 (noting that "[t]he facts and circumstances of this case illustrate the propriety, if not the necessity, for court intervention in the notice process."); *Chemi v. Champion Mortgage*, No. 05-cv-1238 (D.N.J. June 19, 2006) (explaining that [t]he basis for requiring plaintiffs to seek court authorization of class notice is 'to avoid stirring up of litigation through unwarranted solicitation" and recognizing that striking opt-ins before the court's authorization of notice is an appropriate remedy in circumstances where plaintiffs or their counsel embark in direct solicitation efforts to obtain consents without the input or participation of defense counsel or the court); *Woods v. N. Y. Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) ("Once a [collective] action is commenced, then the defendant has a *vital interest* in and the court a managerial responsibility regarding, the joinder of additional parties . . ."); *see also Partlow v. Jewish Orphans' Home, Inc.*, 645 F.2d 757, 759 (9th Cir. 1981); *Heitmann v. City of Chic.*, 2004 WL 1718420, at *2 (N.D. Ill. July 30, 2004); *Hall v. Burk*, 2002 U.S. Dist. LEXIS 4163, at *9 (N.D. Tex. Mar. 12, 2002) (denying plaintiff's motion for discovery because plaintiff failed to meet the first stage "similarly situated" standard).

In sum, Judge Cote's decision and rationale are the right ones. The whole purpose of the conditional certification motion is to determine if a class list will be produced to facilitate notice. If courts simply require the production of a class list at the inception of a case, based on nothing more than the filing of a complaint alleging a collective action, there would be no need for a certification motion and no need for the two-step paradigm. Plaintiffs would simply file suit, demand production of a class list based on the broadest possible class description, and provide a one-sided notice designed to solicit additional plaintiffs. But that is not how the process is supposed to work according to the Supreme Court and courts within the Second Circuit. Courts are supposed to supervise the notice process to ensure that they are not stirring up unnecessary litigation, to limit notice to an appropriate class of similarly situated individuals who were the victims of a common unlawful policy, and to ensure that if any notice is appropriate, the notice is written in neutral terms and is not designed to endorse the litigation or stir up litigation.

For all the foregoing reasons, the Court should not permit the production of a class list unless and until the Court grants Plaintiffs' conditional certification motion and authorizes notice to putative collective action members.

Respectfully submitted,

*Sam Shaulson/SRR*

Sam S. Shaulson (SS 0460)

Minneapolis   Philadelphia   Washington   New York   Los Angeles   San Francisco   Miami   Pittsburgh   Princeton   Chicago
Palo Alto   Dallas   Houston   Harrisburg   Irvine   Boston   Wilmington   London   Paris   Brussels   Frankfurt   Beijing   Tokyo

Hon. Michael H. Dolinger
November 3, 2010
Page 6

cc:     Seth D. Rigrodsky
        Timothy J. MacFall
        Gregory M. Egleston
        Marc I. Gross
        Shaheen Rushd
        Murielle J. Steven Walsh
        D. Maimon Kirschenbaum