# POMERANTZ
## HAUDEK GROSSMAN & GROSS LLP
### Attorneys at Law

**Murielle Steven Walsh**
mjsteven@pomlaw.com

100 Park Avenue
New York, New York 10017
T: 212.661.1100  F: 212.661.8665

November 3, 2010

**VIA FACSIMILE & ECF**

The Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street -Courtroom: 17D
New York, NY 10007-1312

    Re:    ***Ruiz v. Citibank, N.A.***
              **Case No.: 1:10-cv-5950 (JGK)(MHD)**

              ***Winfield v. Citibank, N.A.***
              **Case No.: 1:10-cv-7304 (JGK)(MHD)**

Dear Magistrate Judge Dolinger,

    We, along with Rigrodsky & Long, PA and the Egleston Law Firm, represent plaintiffs in the above-referenced cases.

    At yesterday's conference with the parties concerning discovery issues, Your Honor requested letter briefing on the issue of whether plaintiffs should be entitled to pre-certification discovery of the identities of putative class members.

    Plaintiffs respectfully submit that they should be permitted to obtain these disclosures -- specifically, names, last known addresses and phone numbers for the putative class members from defendant Citibank. This information is necessary for plaintiffs to establish that they are "similarly situated" to other potential class members, and to otherwise define the class.

    Numerous courts, including the Southern District of New York, have held that pre-certification discovery regarding class members' identities is proper for this purpose. In the recent decision of *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09-Civ-1148 (LBS), 2010 U.S. Dist. LEXIS 58460, at *2 (S.D.N.Y. Jun 14, 2010), Judge Sand ordered disclosure of names, last known addresses, last known phone numbers and job positions of putative class members. In granting the plaintiff's request for this information, the Court stated:

> Given the Supreme Court's direction that 'the broad remedial goal of the [FLSA] should be enforced to the full extent of its terms,' *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173, 110 S. Ct. 482, 107 L.Ed.2d

Magistrate Judge Michael H. Dolinger
November 3, 2010
Page 2 of 4

      480 (1989), pre-certification discovery is appropriate to enable Plaintiff to define the class and identify similarly situated employees."

*Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *2.

      The Court also noted that "the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases," *Id.* at *4 (citing to similar decisions in *Fei v. WestLB AG*, No. 07-Civ-8785, 2008 U.S. Dist. LEXIS 33310, at *2-3 (S.D.N.Y. Apr. 23, 2008) (granting plaintiff's motion to compel production of putative FLSA class/collective members names, positions, job titles, dates of employment, home addresses, telephone numbers, and social security numbers); *Flores v. Osaka Health Spa, Inc.*, No. 05-Civ-962, 2006 U.S. Dist. LEXIS 11378, at *8 (S.D.N.Y. Mar. 16, 2006) (denying class certification but ordering disclosure of class members' information); and *Morales v. Plantworks, Inc.*, No. 05-Civ-2349, 2006 U.S. Dist. LEXIS 4267, at *7 (S.D.N.Y. Feb. 1, 2006) (same)).

      Courts in other districts have agreed that plaintiffs are entitled to pre-certification discovery of class members' identities for purposes of establishing that plaintiffs are similarly situated to other potential class members. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2008 U.S. Dist. LEXIS 98201, at *2 (E.D. Ark. Dec. 15, 2008) ("The information the plaintiffs seek about [defendant's] other employees is relevant to whether the plaintiffs are similarly situated to potential collective action members, and the plaintiffs' requests for [defendant] to identify those employees and provide contact information is reasonably calculated to discovery of that information."); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 555 (N.D. Ill. 2008) (granting plaintiff's motion to compel the production of names, addresses and other information concerning putative class/collective members and ruling that "[t]he utility of allowing Plaintiffs limited discovery pre-certification is to determine which employees are in fact similarly situated so they may satisfy the evidentiary requirement at the first step [at which a collective action is conditionally certified.]"); *Stillman v. Staples, Inc.*, No. 07-849, 2007 U.S. Dist. LEXIS 58873, at *4 (D. N.J. July 30, 2007) (same); *Morden v. T-Mobile USA, Inc.*, No. 05-2112, 2006 U.S. Dist. LEXIS 42047, at *6, 9 (W.D. Wash. June 22, 2006) (same); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003) (same); *Titre v. S.W. Bach & Co.*, No. 05-80077, 2005 U.S. Dist. LEXIS 32972, at *7 (S.D. Fla. July 20, 2005) (finding that discovery of the identities of putative class/collective members was relevant as the employees would have information as to the employees' job duties, number of weekly hours typically worked, and compensation structure).[1]

---

[1] See also *Ramos v. U.S. Bank Nat'l Ass'n*, No. 08-1150, 2009 U.S. Dist. LEXIS 107239, at *8-11 (D. Or. Nov. 17, 2009); *Burkhart-Deal v. Citifinancial, Inc.*, No. 8-1289, 2009 U.S. Dist. LEXIS 52222, at *8-11 (W.D. Pa. June 18, 2009); *Wiegele v. FedEx Ground Package Sys.*, No. 06-CV-01330, 2007 U.S. Dist. LEXIS 9444, at *1, 5-7 (S.D. Cal. Feb. 8, 2007).

Magistrate Judge Michael H. Dolinger
November 3, 2010
Page 3 of 4

Defendant's argument, that such discovery is appropriate only after the court has conditionally certified a collective action, has been rejected by courts in this district and elsewhere. *Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *2; *Fei*, 2008 U.S. Dist. LEXIS 33310, at *2 ("conditional certification is not a prerequisite to the turnover of information concerning the identity of potential [FLSA] class members"); *Helmert v. Butterball, LLC*, No. 4:08-CV-00342 (JLH), 2008 U.S. Dist. LEXIS 98201, at *2 (E.D. Arkansas Dec. 15, 2008) (same); *Acevedo*, 248 F.R.D. at 553 (same); *Stillman*, 2007 U.S. Dist. LEXIS 58873, at *3 (same); *Morden*, 2006 U.S. Dist. LEXIS 42047, at *5-6 (same); *Titre*, 2005 U.S. Dist. LEXIS 32972, at *6 (same); *Bailey v. Ameriquest Mortg. Co.*, No. 01-545, 2002 U.S. Dist. LEXIS 1363, at *6 (D. Minn. Jan. 23, 2002) (same).[2]

In fact, in the *Flores* and *Morales* cases cited above, the courts permitted putative class member discovery even though they had found that class certification was not appropriate at that point in time. *Flores v. Osaka Health Spa, Inc.*, No. 05-Civ-962, 2006 U.S. Dist. LEXIS 11378, at *8 (S.D.N.Y. Mar. 16, 2006) (despite ruling that certification of the collective action was not warranted at that time, the court found that the remedial purpose of the FLSA justified the disclosure of the names of other putative collective members prior to the certification of the collective action); *Morales v. Plantworks, Inc.*, No. 05-Civ-2349, 2006 U.S. Dist. LEXIS 4267, at *7 (S.D.N.Y. Feb. 1, 2006) (same).

Moreover, plaintiffs are entitled to such discovery even where defendant asserts an objection that such production would be unduly burdensome, or would violate privacy rights. *See, e.g., Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *3; *Fei*, 2008 U.S. Dist. LEXIS 33310, at *2 (rejecting unduly burdensome objection); *Morden*, 2006 U.S. Dist. LEXIS 42047, at *9-10 (same); *Titre*, 2005 U.S. Dist. LEXIS 32972, at *8 n.3 (same); *Hammond*, 216 F.R.D. at 674 (same); *Acevedo*, 248 F.R.D. at 553 (rejecting privacy objection); *Bailey*, 2002 U.S. Dist. LEXIS 1363, at *6-7 (same); *Khalilpour v. Cellco P'ship*, No. 09-2712, 2010 U.S. Dist. LEXIS 43885, at *6-7 (N.D. Cal. Apr. 1, 2010) (in a pre-certification Rule 23 case, the court compelled defendant to produce contact information for putative class members and ruled "that the information sought by Plaintiff is not particularly sensitive. In fact, the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information . . .").

Finally, at this time, defendant has exclusive access to information concerning all potential class members and the information they possess. *Ramos*, 2009 U.S. Dist. LEXIS 107239, at *8-9. Before Rule 23 class certification, all parties should have "equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Jiminez v. Domino's Pizza, Inc.*, No. 04-1107, 2006 U.S. Dist. LEXIS

---

[2] See also *Donahay v. Palm Beach Tours & Transp.*, No. 06-61279, 2007 WL 1119208, at *1 (S.D. Fla. Apr. 16, 2007) (ordering Defendants to identify the names, addresses and other information for putative class/collective members pre-certification); *Hammond*, 216 F.R.D. at 673 (same).

66510, at *5-6 (C.D. Cal. Jan. 11, 2006) (internal quotation omitted). The production of the requested information and documents would rectify the imbalance between the parties.

Accordingly, defendant should be required to provide discovery of the identities of the putative class/collective members.

Respectfully submitted,

Murielle J. Steven Walsh

MSW/lv

cc: Thomas A. Linthorst, Esq.
Gregory M. Egleston, Esq.
Timothy J. MacFall, Esq.
D. Maimon Kirschenbaum, Esq.