# POMERANTZ
HAUDEK GROSSMAN & GROSS LLP
Attorneys at Law

**Murielle Steven Walsh**
mjsteven@pomlaw.com

100 Park Avenue
New York, New York 10017
T: 212.661.1100  F: 212.661.8665

November 4, 2010

**VIA FACSIMILE & ECF**

The Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, New York 10007-1312

Re:   *Ruiz v. Citibank, N.A.*
      **Case No.: 1:10-cv-5950 (JGK)(MHD)**

      *Winfield v. Citibank, N.A.*
      **Case No.: 1:10-cv-7304 (JGK)(MHD)**

Dear Judge Dolinger:

We, along with Rigrodsky & Long, PA and the Egleston Law Firm, represent Plaintiffs in the above-referenced cases. We write in response to defendant Citibank's November 3 letter submission concerning the issue of whether Plaintiffs should be afforded discovery of putative class member identities and contact information. *See* Letter from Sam S. Shaulson, Esq. to Hon. Michael H. Dolinger (Nov. 3, 2010), ECF No. 14 ("Defendant's Letter").

Defendant's Letter merely underscores Plaintiffs' point here; namely, that the "weight of authority" in the Southern District of New York favors granting the requested discovery. *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09-Civ-1148 (LBS), 2010 U.S. Dist. LEXIS 58460, at *4 (S.D.N.Y. June 14, 2010).

The smattering of cases from this District cited by Defendant does not alter the conclusion that Plaintiffs should be afforded access to class members' identities. For example, the case of *Gold v. Clear Channel Communications, Inc.*, No. 07-CV-8204 (S.D.N.Y. March 7, 2008) rested on entirely different facts than those present here. There, the plaintiffs sought "contact information for a broad group of people, including people who [defendant did not] believe [were] properly encompassed with any class of collective action...." *Id.* at 4:5-8. Specifically, the plaintiffs sought contact information for Clear Channel *local* account executives in the context of settlement negotiations concerning a limited number of *national* account executives (whose contact information plaintiffs already had). Defendant made clear that

discovery of local account executives was irrelevant to settlement discussions at issue, because they were not part of the proposed class they were willing to settle: "We have no interest in local account executives being part of the settlement. We will litigate that." *Id.* at 8:9-14. Judge Cote recognized that plaintiffs' counsel was arguably on a fishing expedition to drum up more plaintiffs in order to expand the class, and thus denied the request for contact information. *Id.*

That is not the case here. The parties agree that the scope of the proposed Class is Personal Bankers only; and, unlike the *Gold* plaintiffs, Plaintiffs have no interest in getting discovery beyond that narrow Class.

Defendant's other citations from this District are similarly unpersuasive. In *Anglada v. Linens 'N Things, Inc.*, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007), the Court was deciding a motion to certify a nationwide class of store managers and to order notice to the class. The motion was supported by only one plaintiff, a store manager who provided virtually no factual support for his allegations. In contrast, the defendant submitted a dozen counter-declarations from Linens 'N Things managers at both the district and store levels. These declarations "attest[ed] to the individuality of the management and operations practices of LNT stores nationwide" (*id.* at *17) and demonstrated that individual stores assigned unique responsibilities to employees with plaintiff's job title. *Id.* Thus, Judge Smith found that the standard for certifying a nationwide collective action had not been met. The Court did, however, order the defendant to produce the contact information of employees at the two stores in which plaintiff had worked, on the reasoning that "Courts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Id.* at *22 (collecting cases). Thus, Defendant's own case law undercuts its argument against the production of contact information in this case. Moreover, Plaintiffs have made a greater showing of "similarly situated" individuals than that made in *Linens 'N Things*. Specifically, Plaintiffs have already come forward with five individuals from different Citibank branch locations located in different states – New York, California, Illinois, Virginia and the District of Columbia – who all complain of the same type of treatment from Citibank.

As to Defendant's third citation from this District, *Clarke v. J.P. Morgan Chase*, No. 08-CV-2400 (S.D.N.Y.), Plaintiffs were unable to find the cited decision after a diligent search. When Plaintiffs' counsel followed up with opposing counsel, he was unable to provide a copy of the order. Counsel stated that it was issued at a status conference, but he was not sure whether any transcript or recording was ever made of the proceedings. Accordingly, there is no record of this decision or what really happened in this case, and Plaintiffs respectfully submit that the Court should disregard it.

Defendant's Letter also asserts, with no factual support whatsoever, that Plaintiffs seek pre-certification discovery of the information relating to potential class members only to solicit participation in the litigation without the requisite judicial oversight and management of the

Magistrate Judge Michael H. Dolinger
November 4, 2010
Page 3 of 4

notice process of § 216(b). *See* Defendant's Letter at 4. Defendant's only support for this assertion is that "[i]t is a routine practice of plaintiffs' counsel in these types of cases. . ." *Id.*[1]

The courts, however, have determined that there are proper reasons for producing information relating to class members at the pre-certification stage, such as "enabl[ing] Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification." *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09-Civ-1148 (LBS), 2010 WL 2362981, at *7 (S.D.N.Y. June 14, 2010) (citing *Sedtal v. Genuine Parts Co.*, No. 08-Civ-413, 2009 WL 2216593, at *7 (E.D. Tex. July 13, 2009) ("Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action . . . Conversely, it may underscore inadequacies in the group of potential plaintiffs. . . Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered.")).

Indeed, contrary to "circumvent[ing] the court-supervised notice procedure of § 261(b)" (Defendant's Letter at 3), Judge Sand found that the early production of class member information furthers the underlying purposes of the FLSA:

> [E]arly access to this information may allow Plaintiff to move for conditional certification earlier and potentially permit putative class members to opt-in earlier. Encouraging early certification furthers the FLSA's broad remedial goal because the FLSA's "limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006).

*Id.*, 2009 WL 2216593, at *7-8.

Indeed, in *Whitehorn*, Judge Sand expressly rejected a solicitation argument similar to that asserted here, stating, "there is no indication in this case that Plaintiff and Plaintiff's counsel have anything but a good faith need for employee contact information for the purpose of establishing the propriety of conditional certification." *Id.*, at *8 n.2; *see also Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011, at *3-5 (E.D.N.Y. May 23, 2006) (differentiating between Rule 23 cases, where discovery of such information is deemed inappropriate due to concerns regarding client solicitation, and FLSA and ADEA cases where such discovery is proper because they involve opt-in classes and the continued running of the limitations period). In the absence of anything other than Defendant's rank speculation

---

[1] Defendant even goes so far as to suggest that this is true even "[w]hile Plaintiffs may tell the Court otherwise . . . ." (Defendant's Letter at 4), thereby indicating that anything that Plaintiffs state to the contrary is a misrepresentation to the Court.

concerning Plaintiffs' motives for seeking production of this information, this argument should be rejected out of hand.

Based on the foregoing, and on the reasons set forth in Plaintiffs' letter submission of November 3, Plaintiffs respectfully request that the Court order the requested discovery concerning putative Class Members.

Respectfully submitted,

Murielle Steven Walsh

MSW/lv

cc: Thomas A. Linthorst, Esq.
Sam S. Shaulson, Esq.
Seth D. Rigrodsky, Esq.
Timothy J. MacFall, Esq.
Gregory M. Egleston, Esq.
D. Maimon Kirschenbaum, Esq.