UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGNA RUIZ, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>      Defendant. | Civ. No.: 10-cv-5950 (JGK) (MHD)<br><br>Judge John G. Koeltl<br><br>Magistrate Judge Michael H. Dolinger |
| FREDERICK WINFIELD, et al.,<br><br>      Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>      Defendant. | Civ. No: 10-cv-7304 (JGK) (MHD) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 72(A) OBJECTIONS TO THE NOVEMBER 8, 2010 MEMORANDUM AND ORDER**

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | THE NOVEMBER 8, 2010 MEMORANDUM AND ORDER | | 2 |
| III. | ARGUMENT | | 3 |
| | A. | The Order Should Be Affirmed In Its Entirety | 3 |
| | | 1. Defendant Has Failed to Demonstrate "Clear Error" | 3 |
| | | 2. The Order Should Not Be Limited to the Named Plaintiffs' Local Branches | 12 |
| IV. | CONCLUSION | | 13 |

# **TABLE OF AUTHORITIES**

## CASES

*Acevedo v. Ace Coffee Bar, Inc.*,
  248 F.R.D. 550 (N.D. Ill. 2008) ................................................................................. 5, 6, 13

*Amendola v. Bristol Myers Squibb Co.*,
  558 F. Supp. 2d 459 (S.D.N.Y. 2008) .................................................................................. 9

*Anglada v. Linens 'N Things, Inc.*,
  No. 06-CV-12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007) ............ 8, 9

*Bailey v. Ameriquest Mortg. Co.*,
  No. 01-545, 2002 U.S. Dist. LEXIS 1363 (D. Minn. Jan. 23, 2002) ........................ 7, 13

*Burkhart-Deal v. Citifinancial, Inc.*,
  No. 8-1289, 2009 U.S. Dist. LEXIS 52222 (W.D. Pa. June 18, 2009) ........................... 6

*Donahay v. Palm Beach Tours & Transport*,
  No. 06-61279, 2007 U.S. Dist. LEXIS 65160 (S.D. Fla. Apr. 13, 2007) ....................... 7

*Dubai Islamic Bank v. Citibank, N.A.*,
  No. 99-cv-1930, 2002 U.S. Dist. LEXIS 13290 (S.D.N.Y. July 23, 2002) .................... 4

*Dziennik v. Sealift, Inc.*,
  No. 05 Civ. 4659, 2006 U.S. Dist. LEXIS 33011 (E.D.N.Y. May 23, 2006) .......... 10, 11

*Fei v. WestLB AG*,
  No. 07-Civ-8785, 2008 U.S. Dist. LEXIS 33310 (S.D.N.Y. Apr. 23, 2008) ....... 5, 6, 13

*Flores v. Osaka Health Spa, Inc.*,
  No. 05-Civ-962, 2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. Mar. 16, 2006) ............... 5, 7

*Hammond v. Lowe's Home Ctrs., Inc.*,
  216 F.R.D. 666 (D. Kan. 2003) ................................................................................. 6, 7, 13

*Helmert v. Butterball, LLC*,
  No. 4:08-CV-00342, 2008 U.S. Dist. LEXIS 115356
  (E.D. Ark. Dec. 15, 2008) ................................................................................................ 5, 6

*Highland Capital Management, L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008)..................................................................................3

*Hinterberger v. Catholic Health System, Inc.*,
   No. 08-CV-380S, 2010 U.S. Dist. LEXIS 96435 (W.D.N.Y. May 13, 2010)..............11

*Hoffmann-La Roche Inc. v. Sperling*,
   493 U.S. 165 (1989)..............................................................................................................4, 7

*Jiminez v. Domino's Pizza, Inc.*,
   No. 04-1107, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. Jan. 11, 2006).......................11

*Khalilpour v. Cellco Partnership*,
   No. 09-2712, 2010 U.S. Dist. LEXIS 43885 (N.D. Cal. Apr. 1, 2010).......................13

*Morales v. Plantworks, Inc.*,
   No. 05-Civ-2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 1, 2006).................5, 7

*Morden v. T-Mobile USA, Inc.*,
   No. C05-2112, 2006 U.S. Dist. LEXIS 42047 (W.D. Wash. June 22, 2006)..........6, 13

*Pacheco v. Vanwyk*,
   No. 94-CV-0456, 1997 U.S. Dist. LEXIS 2793 (N.D.N.Y. Mar. 12, 1997) ................4

*Ramos v. U.S. Bank National Association*,
   No. CV-08-1150, 2009 U.S. Dist. LEXIS 107239 (D. Or. Nov. 17, 2009)...................6

*Schultz v. Tribune Co.*,
   No. 06-CV-4800, 2008 U.S. Dist. LEXIS 96688 (E.D.N.Y. Dec. 4, 2008) ..................3

*Stillman v. Staples, Inc.*,
   No. 07-849, 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007) ...............................6

*Thomas E. Hoar Inc. v. Sara Lee Corp.*,
   900 F.2d 522 (2d Cir. 1990)....................................................................................................4

*Thompson v. Keane*,
   No. 95 Civ. 2442, 1996 WL 229887 (S.D.N.Y. May 6, 1996).................................3, 4

*Titre v. S.W. Bach & Co.*,
   No. 05-80077, 2005 U.S. Dist. LEXIS 32972 (S.D. Fla. July 20, 2005)....................6, 7

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   No. 09-Civ-1148, 2010 U.S. Dist. LEXIS 58460
   (S.D.N.Y. June 14, 2010)......................................................................4, 6, 7, 10, 11, 13

*Wiegele v. Federal Express Ground Package System*,
   No. 06-CV-01330, 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. Feb. 8, 2007)....................6

## DOCKETED CASES

*Clarke v. J.P. Morgan Chase*,
   No. 08-CV-2400 (S.D.N.Y.).........................................................................................9

*Gold v. Clear Channel Communications, Inc.*,
   No. 07-CV-8204 (S.D.N.Y. Mar. 7, 2008) ................................................................7, 8

## FEDERAL STATUTES AND RULES

29 U.S.C. § 216(b)..............................................................................................................10

Plaintiffs hereby respond to Defendant's Rule 72(a) objections to Magistrate Dolinger's November 8th Memorandum and Order (the "Order"). The Order should be affirmed.

## I.   INTRODUCTION

The above-referenced actions are brought on behalf of a nationwide class of Citibank Personal Bankers under the Fair Labor Standards Act ("FLSA"), arising out of Citibank's alleged non-payment of overtime. In addition to federal claims, the *Ruiz* case also alleges violations of New York labor laws on behalf of a New York class; and the *Winfield* case alleges violations of the labor laws for District of Columbia, Illinois, and California on behalf of subclasses of class members in those respective states, as well as claims under the Employee Retirement Income Security Act ("ERISA").

To date, there are five named class representatives: Digna Ruiz (New York); Frederick Winfield (District of Columbia); Zulma Muniz (Illinois); James Steffensen (Virginia); and Adoram Shen (California). In addition, Dara Ho, a former Personal Banker in New York, has opted into the *Ruiz* case.

By Orders dated October 26 and 27, 2010, this Court referred the *Ruiz* and *Winfield* cases to Magistrate Judge Dolinger for general pre-trial proceedings, including discovery.

At an initial conference with the parties held on November 2, 2010, the Magistrate Judge consolidated the *Ruiz* and *Winfield* actions. A copy of the Transcript of the November 2, 2010 conference is attached hereto as Exhibit A. The Court also discussed generally with the parties the status and scope of potential discovery in the action. The Court directed that fact discovery should proceed, that, at least initially "it be presumptively limited to the pertinent issues relating to the certification motion," (Tr. at 32), and that it be complete by February 28, 2011. March 31, 2011 was set as the deadline for filing any motion for class certification.

During the course of the discovery discussion with the Magistrate Judge, Plaintiffs' counsel requested production of a class list, including contact information, for all Citibank Personal Bankers employed in the U.S. (Tr. at 29). Defense counsel opposed that request.

The Magistrate Judge requested letter briefing on the issue, and, having carefully considered submissions from both parties, issued the Order granting the requested discovery. A copy of the Order is attached hereto as Exhibit B.

## II.    THE NOVEMBER 8, 2010 MEMORANDUM AND ORDER

In granting the relief requested, the Court initially acknowledged the clear relevance of the requested information to the issue of class certification:

> It is entirely possible that other employees in the same [Personal Banker] category will be able to supply information to the plaintiffs that will either strengthen their contention that they are "similarly situated" and thus improve the likelihood that the application for conditional certification will succeed or else will demonstrate that the plaintiffs' assumption of similarity is misplaced. Individuals for whom contact information is sought are obviously potentially relevant witnesses.

Order at 3-4.

The Magistrate Judge also recognized the importance of advancing discovery so that, if Plaintiffs obtain sufficient corroborating evidence for their claims, they can move earlier, rather than later, for conditional certification:

> This consideration is pertinent, given the recognized remedial purposes of the FLSA, particularly in view of the fact that the statute of limitations continues to run until a member of the class chooses to opt in.

*Id.* at 4 (citation omitted).

The Court rejected, as insufficient, Defendant's speculation that Plaintiffs would use this information to launch a widespread mailing campaign of notices to absent class members:

> While it is possible that counsel will pursue such interest in others arguably similarly situated to the named plaintiffs, we have no evidence to support that supposition, and, in any event, the other pertinent considerations favor a different conclusion.

2

*Id.* at 3.

Finally, Magistrate Judge Dolinger duly noted Defendant's failure to advance any argument that production of the class list would be unduly burdensome:

> [D]efendant alludes again to the geographic breadth of the request (Def.'s Resp., 5), but notably does not offer any explicit argument, much less proffer any supporting evidence, that the production of the list would be unduly burdensome.

*Id.* at 5.

Having deemed the information relevant and not unduly burdensome to produce, the Court ordered Defendant to produce "a contact list of personal bankers," which is to "include names, addresses and phone numbers." *Id.* at 6.

### III.   ARGUMENT

#### A.   The Order Should Be Affirmed In Its Entirety.

##### 1.   Defendant Has Failed to Demonstrate "Clear Error."

In objecting to a decision of a Magistrate Judge, the objector bears the burden of demonstrating clear error. A decision of a Magistrate Judge will be reversed as a clearly erroneous only where the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Schultz v. Tribune Co.*, No. 06-CV-4800, 2008 U.S. Dist. LEXIS 96688, at *4-5 (E.D.N.Y. Dec. 4, 2008) (citing *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (internal quotation marks omitted) (collecting cases).

Moreover, an order will only be deemed "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *Securities and Exchange Comm'n v. Thrasher*, No. 92 Civ. 6987, 1995 WL 456402, at *12 (S.D.N.Y. Aug. 2,

3

1995)). A Magistrate Judge's resolution of discovery disputes deserves substantial deference. *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-cv-1930 (RMB), 2002 U.S. Dist. LEXIS 13290, at *2 (S.D.N.Y. July 23, 2002) (citing *Siao-Pao*, No. 90 Civ. 5376 (PKL), 1992 WL 236184, at *2 (S.D.N.Y. Sept. 10, 1992); *Thompson*, 1996 WL 229887, at *1).

Pursuant to this highly deferential standard, Magistrate Judges are afforded broad discretion in resolving non-dispositive disputes, and reversal is appropriate only if the discretion is abused. *Pacheco v. Vanwyk*, No. 94-CV-0456(RSP) (GJD), 1997 U.S. Dist. LEXIS 2793, at *3 (N.D.N.Y Mar. 12, 1997) (citing *Thomas E. Hoar Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

Defendant's showing falls far short of meeting the standards necessary for reversal of Magistrate Judge Dolinger's Order. For instance, Defendant cannot show that Magistrate Judge Dolinger "misapplied" rulings from this District that have held, quite decidedly, that a plaintiff is entitled to contact information for putative class members. In the recent decision of *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09-Civ-1148 (LBS), 2010 U.S. Dist. LEXIS 58460, at *3, 10 (S.D.N.Y. June 14, 2010), for example, one of the decisions relied on by the Court, Judge Sand ordered pre-certification disclosure of names, last known addresses, last known phone numbers and job positions of putative class members. In granting the plaintiff's request for this information, the Court stated:

> Given the Supreme Court's direction that "the broad remedial goal of the [FLSA] should be enforced to the full extent of its terms," *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989), pre-certification discovery is appropriate to enable Plaintiff to define the class and identify similarly situated employees.

*Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *7. The *Whitehorn* court noted that "the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases." *Id.* at *4.

4

Indeed, as Magistrate Judge Dolinger noted, the same result has been reached by other courts in this District: *Fei v. WestLB AG*, No. 07-Civ-8785, 2008 U.S. Dist. LEXIS 33310, at *2-3 (S.D.N.Y. Apr. 23, 2008) (granting plaintiff's motion to compel production of putative FLSA class/collective members names, positions, job titles, dates of employment, home addresses, telephone numbers, and social security numbers); *Flores v. Osaka Health Spa, Inc.*, No. 05-Civ-962, 2006 U.S. Dist. LEXIS 11378, at *9 (S.D.N.Y. Mar. 16, 2006) (denying class certification but ordering disclosure of class members' information); *Morales v. Plantworks, Inc.*, No. 05-Civ-2349, 2006 U.S. Dist. LEXIS 4267, at *7 (S.D.N.Y. Feb. 1, 2006) (same)).

Defendant does not – and indeed, cannot – suggest that the Magistrate Judge misapprehended or misapplied the law as set forth in any of these authorities. Instead, Defendant merely expresses its disagreement with the result reached in those cases by repeating the same arguments already rejected by Magistrate Judge Dolinger. That Defendant is not happy that the weight of authority in this District is contrary to its position, however, does not constitute the "clear error" necessary to warrant reversal of the Order.

Defendant also asserts – incorrectly – that the authorities relied upon by Magistrate Judge Dolinger are outliers on this issue. That is not the case. Numerous courts in other districts have agreed that plaintiffs are entitled to pre-certification discovery of class members' identities for purposes of establishing that plaintiffs are "similarly situated" to other potential class members. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2008 U.S. Dist. LEXIS 115356, at *7 (E.D. Ark. Dec. 15, 2008) ("The information the plaintiffs seek about [defendant's] other employees is relevant to whether the plaintiffs are similarly situated to potential collective action members, and the plaintiffs' requests for [defendant] to identify those employees and provide contact information is reasonably calculated to discovery of that information."); *Acevedo v. Ace*

5

*Coffee Bar, Inc.*, 248 F.R.D. 550, 555 (N.D. Ill. 2008) (granting plaintiff's motion to compel the production of names, addresses and other information concerning putative class/collective members and ruling that "[t]he utility of allowing Plaintiffs limited discovery pre-certification is to determine which employees are in fact similarly situated so they may satisfy the evidentiary requirement at the first step [at which a collective action is conditionally certified.]"); *Stillman v. Staples, Inc.*, No. 07-849, 2007 U.S. Dist. LEXIS 58873, at *1, 4 (D.N.J. July 30, 2007) (same); *Morden v. T-Mobile USA, Inc.*, No. C05-2112, 2006 U.S. Dist. LEXIS 42047, at *6, 9 (W.D. Wash. June 22, 2006) (same); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003) (same); *Titre v. S.W. Bach & Co.*, No. 05-80077, 2005 U.S. Dist. LEXIS 32972, at *7 (S.D. Fla. July 20, 2005) (finding that discovery of the identities of putative class/collective members was relevant as the employees would have information as to the employees' job duties, number of weekly hours typically worked, and compensation structure).[1]

Defendant's claim that such discovery is appropriate only after the court has conditionally certified a collective action, has been widely rejected by courts in this District and elsewhere. *Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *1, 7; *Fei*, 2008 U.S. Dist. LEXIS 33310, at *5 ("conditional certification is not a prerequisite to the turnover of information concerning the identity of potential [FLSA] class members"); *Helmert*, 2008 U.S. Dist. LEXIS 115356, at *7 (same); *Acevedo*, 248 F.R.D. at 553 (same); *Stillman*, 2007 U.S. Dist. LEXIS 58873, at *3 (same); *Morden*, 2006 U.S. Dist. LEXIS 42047, at *5-6 (same); *Titre*, 2005 U.S.

---

[1] *See also Ramos v. U.S. Bank Nat'l Ass'n*, No. CV-08-1150, 2009 U.S. Dist. LEXIS 107239, at *8-11 (D. Or. Nov. 17, 2009); *Burkhart-Deal v. Citifinancial, Inc.*, No. 8-1289, 2009 U.S. Dist. LEXIS 52222, at *8-11 (W.D. Pa. June 18, 2009); *Wiegele v. FedEx Ground Package Sys.*, No. 06-CV-01330, 2007 U.S. Dist. LEXIS 9444, at *1, 5-7 (S.D. Cal. Feb. 8, 2007).

Dist. LEXIS 32972, at *5-7 (same); *Bailey v. Ameriquest Mortg. Co.*, No. 01-545, 2002 U.S. Dist. LEXIS 1363, at *6 (D. Minn. Jan. 23, 2002) (same).[2]

In fact, in the *Flores* and *Morales* cases cited above, the courts permitted putative class member discovery even though they had found that class certification was not appropriate at that point in time. *Flores*, 2006 U.S. Dist. LEXIS 11378, at *9 (despite ruling that certification of the collective action was not warranted at that time, the court found that the remedial purpose of the FLSA justified the disclosure of the names of other putative collective members prior to the certification of the collective action); *Morales*, 2006 U.S. Dist. LEXIS 4267, at *7 (same).

Defendant argues, unpersuasively, that the Order is inconsistent with Supreme Court precedent, relying heavily on the decision in *Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989). *Sperling* stands for the narrow proposition that courts should generally be involved in communications with absent class members, including with respect to providing notice. Nothing in *Sperling*, however, says that Plaintiffs are not entitled to disclosure of class members' identities where such information will assist Plaintiffs in defining the contours of the pre-certification class or conducting a diligent investigation. In fact, as noted above, in *Whitehorn*, Judge Sand found that *Sperling* supported the disclosure of such materials by mandating that "'the broad remedial goal of the [FLSA] should be enforced to the full extent of its terms. . . .'" 2010 U.S. Dist. LEXIS 58460, at *7 (quoting *Sperling*, 493 U.S. at 173).

Defendant relies on a handful of cases from this District, but these are readily distinguishable. For example, in *Gold v. Clear Channel Communications, Inc.*, No. 07-CV-8204 (S.D.N.Y. Mar. 7, 2008), the plaintiffs sought contact information for Clear Channel *local*

---

[2] *See also Donahay v. Palm Beach Tours & Transp.*, No. 06-61279, 2007 U.S. Dist. LEXIS 65160, at *2-4 (S.D. Fla. Apr. 13, 2007) (ordering Defendants to identify the names, addresses and other information for putative class/collective members pre-certification); *Hammond*, 216 F.R.D. at 673 (same).

7

account executives in the context of settlement negotiations concerning a limited number of *national* account executives. Defendant made clear that discovery of local account executives was irrelevant to settlement discussions at issue, because in their view those people were not part of the proposed class they were willing to settle: "We have no interest in local account executives being part of the settlement. We will litigate that." *Id.* at 8:9-14. Judge Cote recognized that plaintiffs' counsel was arguably on a fishing expedition to drum up more plaintiffs, and thus denied the request for contact information. *Id.* That is not the case here. The parties agree that the scope of the proposed Class is Personal Bankers only; and, unlike the *Gold* plaintiffs, Plaintiffs here have no interest in getting discovery beyond that narrow Class.

Defendant's other authorities are similarly unpersuasive. In *Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007), the court considered a motion to certify a nationwide class of store managers and to order notice to the class. The court actually ordered the production of contact information of employees at the two stores in which plaintiff had worked, based on the reasoning that "Courts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Id.* at *21-22 (collecting cases). Thus, Defendant's own case law undercuts its argument against the production of contact information in this case. The Court in *Anglada* limited the discovery to these two stores only because the motion was supported by only one plaintiff, a store manager who provided scant factual support for his allegations. *Id.* at *14-16, 21-22. The defendant, meanwhile, had submitted a dozen counter-declarations from Linens 'N Things managers at both the district and store levels that allegedly "attest[ed] to the individuality of the management and operations practices of LNT stores nationwide" and demonstrated that individual stores assigned

8

unique responsibilities to employees with plaintiff's job title. *Id.* at *17. Thus, Judge Smith found that the standard for certifying a nationwide collective action had not been met. *Id.* at *18-19.

In sharp contrast to *Anglada*, even at this early stage, Plaintiffs here have shown that the pattern of alleged Defendant misconduct is geographically diverse, occurring in different branches in different states. Specifically, Plaintiffs have already come forward with six individuals from different Citibank branch locations located in New York, California, Illinois, Virginia and the District of Columbia, who all complain of the same type of misconduct by Citibank.

Defendant also relies on *Amendola v. Bristol Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.DN.Y. 2008), but in doing so fails to mention that the court in that case *had* granted plaintiff contact information for over 300 potential class members in the initial disclosure phases, even though the class had not yet been certified. 558 F. Supp. 2d at 480, fn. 23. The court refused to permit *additional* discovery at a later stage at least in part because putative class members were subject to the administrative exemption of the labor laws. *Id.* at 477.

As to another of Defendant's authorities from this District, *Clarke v. J.P. Morgan Chase*, No. 08-CV-2400 (S.D.N.Y.), Defendant provides no supporting decision or any actual record of it. Accordingly, there is no record of this decision or what really happened in this case, and Plaintiffs respectfully submit that the Court should disregard it.

The bulk of Defendant's Objections are based on supposition and conjecture about Plaintiffs' alleged motives for wanting this information. Citibank complains that Plaintiffs will use the contact information to send unauthorized notice to class members to solicit "opt-ins" for

the Collective Action. Magistrate Judge Dolinger, however, carefully considered this concern and rejected it as insufficient to bar the requested discovery here:

> While it is possible that counsel will pursue such interest in others arguably similarly situated to the named plaintiffs, we have no evidence to support that supposition, and, in any event, the other pertinent considerations favor a different conclusion.

Order at 3.

As recognized by the Magistrate Judge, courts have determined that there are proper reasons for producing information relating to class members at the pre-certification stage, such as "enabl[ing] Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification." *See Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *7 (citing *Sedtal v. Genuine Parts Co.*, No. 08-Civ-413, 2009 WL 2216593, at *7 (E.D. Tex. July 13, 2009) ("Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action. . . . Conversely, it may underscore inadequacies in the group of potential plaintiffs. . . . Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered.")).

Indeed, contrary to circumventing the court-supervised notice procedure of 29 U.S.C. § 216(b), Judge Sand found that the early production of class member information furthers the underlying purposes of the FLSA:

> [E]arly access to this information may allow Plaintiff to move for conditional certification earlier and potentially permit putative class members to opt-in earlier. Encouraging early certification furthers the FLSA's broad remedial goal because the FLSA's "limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006).

*Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *7-8.

In *Whitehorn*, Judge Sand expressly rejected a solicitation argument similar to that asserted here, stating, "there is no indication in this case that Plaintiff and Plaintiff's counsel have anything but a good faith need for employee contact information for the purpose of establishing the propriety of conditional certification." *Id.* at *8-9 n.2; *see also Dziennik*, 2006 U.S. Dist. LEXIS 33011, at *3-5 (differentiating between Rule 23 cases, where discovery of such information is deemed inappropriate due to concerns regarding client solicitation, and FLSA and Age Discrimination in Employment Act cases where such discovery is proper because they involve opt-in classes and the continued running of the limitations period). Thus, this argument should be rejected out of hand.

As to potential other contacts, Defendant cannot claim that Plaintiffs are barred from doing a diligent investigation and contacting potential witnesses. *See Hinterberger v. Catholic Health System, Inc.*, No. 08-CV-380S(F), 2010 U.S. Dist. LEXIS 96435, at *33-34 (W.D.N.Y. May 13, 2010) ("Plaintiffs have a right to seek information from putative class members . . . .") (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981) (recognizing class action plaintiffs' right to obtain information regarding merits of action from prospective class action members)).

At this time, only Defendant has exclusive access to its files concerning class members and their contact information. Before Rule 23 class certification, all parties should have "equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Jiminez v. Domino's Pizza, Inc.*, No. 04-1107, 2006 U.S. Dist. LEXIS 66510, at *5-6 (C.D. Cal. Jan. 11, 2006) (internal quotation omitted). The discovery ordered by the Magistrate Judge would rectify this specific imbalance between the parties.

In sum, a weighing of the equities dictates that the information should be produced.

11

### 2. The Order Should Not Be Limited to the Named Plaintiffs' Local Citibank Branches.

Defendant claims, apparently as its alternative argument, that the Court should limit the Order to require that contact information only be provided for "other Personal Bankers employed at the same locations where the named Plaintiffs were employed." Def's Obj. at 12. The only basis for its suggestion is that some of the cases in which class lists were ordered to be produced involved smaller groups of employees. But, as Magistrate Judge Dolinger noted, that is a distinction without a difference; and in any event, Citibank never requested such a limitation before:

> We recognize that the cited cases appear to have generally involved far smaller numbers of employees, but defendant fails to link that fact to any basis for rejecting the request or even for limiting it. *Indeed, Citibank suggests no such limitation (other than implying at one point that perhaps the list should not include phone numbers).*

Order at 5 (emphasis supplied).

Having not raised this issue before, Citibank has waived it. In any event, the Magistrate Judge considered limiting the scope of the class list, and specifically rejected it:

> If the requested production is not burdensome, there is no compelling reason not to make the list complete, if for no other reason than to maximize the efficiency of the certification process. In short, we do not have a reasoned basis to shrink the scope of the relief that otherwise seems appropriate on this application.

*Id.* at 6.

Indeed, Defendant never argued that the production would be unduly burdensome, a fact that did not go unnoticed by Magistrate Judge Dolinger:

> [D]efendant alludes again to the geographic breadth of the request (Def.'s Resp., 5), but notably does not offer any explicit argument, much less proffer any supporting evidence, that the production of the list would be unduly burdensome.

12

*Id.* at 5.[3]

Even today, Defendant concedes that it would not be unduly burdened by making the requested information available. Def's Obj. at 12, fn. 5. Accordingly, there is no basis for limiting the class list.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court affirm the November 8, 2010 Memorandum and Order in its entirety.

Dated:  December 8, 2010
        New York, New York.

                                 **POMERANTZ HAUDEK
                                 GROSSMAN & GROSS LLP**

                             By: /s/ Murielle J. Steven Walsh
                                    Murielle J. Steven Walsh
                                    Jeremy A. Lieberman
                                    100 Park Avenue - 26th Floor
                                    New York, New York 10017
                                    Telephone: 212-661-1100
                                    Facsimile: 212-661-8665
                                    Email: mjsteven@pomlaw.com
                                    Email: jalieberman@pomlaw.com

---

[3] Even if Defendant had duly raised a burden objection, that would not bar the discovery here. Nor would privacy objections. *See, e.g., Fei*, 2008 U.S. Dist. LEXIS 33310, at *7 (rejecting unduly burdensome objection); *Morden*, 2006 U.S. Dist. LEXIS 42047, at *9-10 (same); *Hammond*, 216 F.R.D. at 674 (same); *Acevedo*, 248 F.R.D. at 554 (rejecting privacy objection); *Whitehorn*, 2010 U.S. Dist. LEXIS 58460, at *9-10 (same); *Bailey*, 2002 U.S. Dist. LEXIS 1363, at *6-7 (same); *Khalilpour v. Cellco P'ship*, No. 09-2712, 2010 U.S. Dist. LEXIS 43885, at *9 (N.D. Cal. Apr. 1, 2010) (in a pre-certification Rule 23 case, the court compelled defendant to produce contact information for putative class members and ruled "that the information sought by Plaintiff is not particularly sensitive. In fact, the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information . . .").

**JOSEPH HERZFELD HESTER &
KIRSCHENBAUM LLP**
D. Maimon Kirschenbaum
757 Third Avenue - 25th Floor
New York, New York 10017
Telephone: 212-688-5640
Facsimile: 212-688-2548
Email: maimon@jhllp.com

*Attorneys for Plaintiff Digna Ruiz*

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Timothy J. MacFall
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Telephone (516) 683-3516
Facsimile: (302) 654-7530
Email: sdr@rigrodskylong.com
Email: tjm@rigrodskylong.com

**EGLESTON LAW FIRM**
Gregory M. Egleston
360 Furman Street, Suite 443
Brooklyn, NY 11201
Telephone: (646) 227-1700
Facsimile: (646) 227-1701
Email: egleston@gme-law.com
Email: greg.egleston@gmail.com

*Attorneys for Plaintiffs Winfield, Muniz,
Steffensen, and Shen*