# EXHIBIT B

# EXHIBIT B

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
DIGNA RUIZ et al.,
　　　　　　　　　　　　　　　:
　　　　　Plaintiffs,　　　　　　　　　MEMORANDUM & ORDER
　　　　　　　　　　　　　　　:
　　　　-against-　　　　　　　　　　10 Civ. 5950 (JGK)(MHD)
　　　　　　　　　　　　　　　:
CITIBANK, N.A.,
　　　　　　　　　　　　　　　:
　　　　　Defendant.
------------------------------x
FREDERICK WINFIELD et al.,
　　　　　　　　　　　　　　　:
　　　　　Plaintiffs,
　　　　　　　　　　　　　　　:
　　　　-against-　　　　　　　　　　10 Civ. 7304 (JGK)(MHD)
　　　　　　　　　　　　　　　:
CITIBANK, N.A.,
　　　　　　　　　　　　　　　:
　　　　　Defendant.
------------------------------x

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

　　　　The five named plaintiffs in this case were all employed by defendant Citibank, N.A. as so-called personal bankers. They assert claims for denial of overtime pay by Citibank and are seeking to proceed with a nation-wide collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). At our initial conference, plaintiffs asked for an order compelling the production of a contact list for the putative members of such a class. Since defendant opposed, we directed that counsel brief the issue, which

1

they have now done.[1]

The courts in this circuit and elsewhere are divided on the question of whether it is appropriate to order production of a contact list prior to a determination of whether to conditionally certify an opt-in class. Compare, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc., 2010 WL 2362981, *1-3 (S.D.N.Y. June 14, 2010); Fei v. WestLB AG, 2008 WL 7863592, *1-2 (S.D.N.Y. April 23, 2008); Morales v. Plantworks, Inc., 2006 WL 278154, *3 (S.D.N.Y. Feb. 2, 2006); Flores v. Osaka Health SPA, Inc., 2006 WL 695675, *4 (S.D.N.Y. March 16, 2006), with Laroque v. Domino's Pizza LLC, 557 F.Supp.2d 346, 354, 357 (E.D.N.Y. 2008); Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 322-24 (S.D.N.Y. 2007); Cuzco v. Orion Builders, Inc., 477 F.Supp.2d 628, 636 (S.D.N.Y. 2007); Lynch v. United Servs. Auto Ass'n, 491 F.Supp.2d 357, 371-72 (S.D.N.Y. 2007).

We have reviewed the body of caselaw submitted by the two sides and see no persuasive basis for automatically denying plaintiffs access to a contact list prior to conditional

---

[1] We received a letter brief from plaintiffs (Pls.' Br., Nov. 3, 2010), a response from defendant (Def.'s Resp., Nov. 4, 2010), a letter brief from defendant (Def.'s Br., Nov. 3, 2010), and plaintiffs' response (Pls.' Resp., Nov. 4, 2010).

2

certification. The principal argument advanced by defendant is that such production will allow plaintiffs' counsel to solicit opt-in interest from the affected class before the court grants them permission to do so and would evade the requirement that the court supervise such solicitations, which may only occur after conditional certification. While it is possible that counsel will pursue such interest in others arguably similarly situated to the named plaintiffs, we have no evidence to support that supposition and, in any event, the other pertinent considerations favor a different conclusion.

First, to prevail at the conditional-certification stage, the plaintiffs must make at least a "modest" showing that there are other employees or former employees who are "similarly situated," 29 U.S.C. § 216(b), that is, that they "were victims of a common policy or plan that violated the law." See, e.g., Sanchez v. La Cocina Mexicana, Inc., 2010 WL 2653303, *1 (S.D.N.Y. July 1, 2010). It is entirely possible that other employees in the same category will be able to supply information to the plaintiffs that will either strengthen their contention that they are "similarly situated" and thus improve the likelihood that the application for conditional certification will succeed or else will demonstrate that the plaintiffs' assumption of similarity is misplaced. In

3

individuals for whom contact information is sought are obviously potentially relevant witnesses. Given the broad scope of relevance defined under the federal rules for discovery purposes, the identity of such witnesses is an appropriate subject of discovery at this stage. See, e.g., Whitehorn, 2010 WL 2362981 at *2 (citing Sedtal v. Genuine Parts Co., 2009 WL 2216593, *7 (E.D. Tex. July 13, 2009)).

Second, provision of such information at this stage may enable the plaintiffs to move at an earlier point in time for conditional certification. This consideration is pertinent, given the recognized remedial purposes of the FLSA[2], particularly in view of the fact that the statute of limitations continues to run until a member of the class chooses to opt in. See, e.g., Whitehorn, 2010 WL 2362981, at *2 (citing Dziennik v. Sealift, Inc., 2006 WL 1455464, *2 (E.D.N.Y. May 23, 2006)).

In opposing the application, defendant also notes that the universe of employees, past and present, covered by the plaintiffs' request is substantial since they seek a nation-wide list of

---

[2] The Supreme Court has recognized that the courts should approach the FLSA with some liberality in view of its remedial purposes. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989).

4

personal bankers. At the conference, defendant's counsel was unable to estimate the number of such individuals, although he speculated that it may encompass several thousand present or former employees. In more formally opposing plaintiffs' application, defendant alludes again to the geographic breadth of the request (Def.'s Resp., 5), but notably does not offer any explicit argument, much less proffer any supporting evidence, that the production of the list would be unduly burdensome.

We recognize that the cited cases appear to have generally involved far smaller numbers of employees, but defendant fails to link that fact to any basis for rejecting the request or even for limiting it. Indeed, Citibank suggests no such limitation (other than implying at one point that perhaps the list should not include telephone numbers (id., citing Aguilar v. Complete Landsculpture, Inc., 2004 WL 2293842, *2 (N.D. Tex. Oct. 7, 2004); Hill v. R&L Carriers Shared Servs., 2010 WL 4175958, *2 (N.D. Cal. Oct. 20, 2010))).[3]

---

[3] We reject the exclusion of phone numbers because that information may "facilitate the speedy collection of data so that [p]laintiff[s] may quickly move for conditional certification and potentially begin the opt-in process." Whitehorn, 2010 WL 2362981 at *3.

5

The twin rationales for production are, as noted, that provision of the list may lead to evidence relevant to the certification question and that early production will speed the process of certification and, if successful, notification. Although the plaintiffs' burden at the conditional certification stage is not particularly demanding, we are given no reason to limit the comprehensiveness of the list. If the requested production is not burdensome, there is no compelling reason not to make the list complete, if for no other reason than to maximize the efficiency of the certification process. In short, we do not have a reasoned basis to shrink the scope of the relief that otherwise seems appropriate on this application.

## CONCLUSION

For the reasons stated, plaintiffs' application for a contact list of personal bankers is granted. The list is to include names, addresses and phone numbers.

Dated: New York, New York
       November 8, 2010

                                      _____
                                      MICHAEL H. DOLINGER
                                      UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Memorandum and Order have been mailed today to:

Murielle Steven Walsh, Esq.
Pomerantz Haudek Grossman & Gross LLP
100 Park Avenue
New York, New York 10017

Timothy J. MacFall, Esq.
Rigrodsky & Long, PA
585 Stewart Avenue
Garden City, New york 11530

Gregory M. Egleston, Esq.
Egleston Law Firm
360 Furman Avenue
Brooklyn, New York 11201

Daniel Maimon Kirschenbaum
Joseph Herzfeld Hester & Kirschenbaum LLP
757 Third Avenue
25th Floor
New York, New York 10017

Thomas A. Linthorst, Esq.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, New Jersey 08540

Sam S. Shaulson, Esq.
Morgan, Lewis & Bokius LLP
101 Park Avenue
New York, New York 10178-6001

7