Sam S. Shaulson (SS-0460)
sshaulson@morganlewis.com
Thomas A. Linthorst (TL-3345)
tlinthorst@morganlewis.com
Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6718 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DIGNA RUIZ, on behalf of herself and all others similarly situated, | : : : | **ELECTRONICALLY FILED** |
| Plaintiff, | : : | **Civ. A. No. 10-cv-5950 (JGK/MHD)** |
| v. | : : | |
| CITIBANK, N.A., | : : | |
| Defendant | : : | |
| FREDRICK L. WINFIELD, ZULMA G. MUNIZ, JAMES STEFFENSEN and ADORAM SHEN, Individually And On Behalf Of All Others Similarly Situated, | : : : : | **Civ. A. No. 10-cv-7304 (JGK/MHD)** |
| Plaintiffs, | : : | |
| v. | : : | |
| CITIBANK, N.A., | : : | |
| Defendant | : : | |

## REPLY IN SUPPORT OF DEFENDANT'S RULE 72(A) OBJECTIONS TO THE NOVEMBER 8, 2010 PRETRIAL OPINION AND ORDER

Defendant Citibank, N.A. respectfully submits this Reply in Support of its Rule 72(a) Objections to the November 8, 2010 Opinion and Order.

1.      **Plaintiffs' Only Possible Need And Use Of A Class List Is To Conduct Unsupervised Classwide Communications.**

There is only one possible reason why Plaintiffs in this case would need the name, address and telephone number of every single putative collective action member – to conduct unsupervised class-wide communications and solicitations.  Plaintiffs plainly do not need the personal identification and contact information for every one of thousands of current and former Personal Bankers to attempt to find supporting witnesses.  Plaintiffs will have a full opportunity to attempt to find supporting witnesses and information using the traditional powers of discovery available to them – depositions (including depositions under Rule 30(b)(6)), contacting their former co-workers in the branches at which they worked, document requests, and interrogatories. At most, the need to find witnesses would support a very limited production of contact information for other Personal Bankers employed at the same locations where the named Plaintiffs were employed.  *See Anglada v. Linens 'N Things, Inc.,* No. 06-cv-12901, 2007 U.S. Dist. LEXIS 39105, at *2 (S.D.N.Y. Apr. 26, 2007)) (rejecting the request to "direct the Defendant to produce the names and addresses of potential 'opt-in' class members to Plaintiff's counsel prior to the issuance of the proposed collective action notice" and limiting notice to putative class members employed at the two stores in which Plaintiff worked).[1]  The only

---

[1]      Plaintiffs suggest that Citibank waived any possibility of limiting the contact list to those Personal Bankers working at the locations of the Plaintiffs or Opt-In because it did not specifically request that relief from Magistrate Judge Dolinger.  Citibank's position before Judge Dolinger, and in these Objections, is that no class list should be produced.  Should the Court find that production of the class list was clear error, but that production of a more limited list of Personal Bankers is appropriate, the Court plainly has authority to order the more limited list. Citibank did not have the burden to make an affirmative request for alternative relief before Judge Dolinger, although Citibank relied upon several cases where courts denied plaintiffs'

possible need Plaintiffs have for a full class list is a class-wide communications and solicitation outside the supervision of the Court.

Plaintiffs also claim that a list of every current and former Personal Banker going back three years will assist plaintiffs in "defining the contours of the pre-certification class or conducting a diligent investigation."  (Pls' Resp. to Def.'s Rule 72(a) Objections, at 7). However, according to Plaintiffs, they have already clearly defined the contours of the proposed class in their Complaints as all "Personal Bankers" who worked at Citibank at any time during the statute of limitations periods, so a class list plainly is not needed to define the scope of the class.

Moreover, even if some contact information were appropriate, courts have refused to require the production of telephone numbers, finding that there is no legitimate purpose to be served by subjecting individuals who are not parties to the case to telephone calls from plaintiffs' lawyers.  *See, e.g.,* New York Rule of Professional Conduct, Rule 7.3 ("A lawyer shall not engage in solicitation: . . .by in-person or telephone contact . . . ."); *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-cv-0776-D, 2004 WL 2293842, at *5 (N.D. Tex. Oct. 7, 2004) (granting conditional certification of FLSA claims and ordering production of name and address of putative class members, but denying telephone numbers since "highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [plaintiff's] counsel desires it.") (internal quotations omitted); *Hill v. R&L Carriers Shared Servs., LLC*, No. 09-1907, 2010 WL 4175958, at *2 (N.D. Cal. Oct. 20, 2010)

---

requests for putative class lists and instead required the production only of the names of individuals who worked at the named plaintiffs' locations.  Thus, the doctrine of waiver has no applicability here.  Rather, the question is whether, or to what extent, the November 8, 2010 order is clear error under the decisions by the Supreme Court and other precedential decisions on the collective action certification process.

(after conditional certification, stating that it was "inappropriate to order Defendant to provide the . . . telephone numbers of non-opt-in plaintiffs").

Plaintiffs deride the suggestion that they will engage in class-wide communications as "speculation," but pointedly have not disavowed any such intention, or offered any limitations on their use of the class list, in any of their three communications to the Court seeking the class list. (Ruiz Docket Nos.15, 17, and Winfield Docket No. 16).  The fact that Plaintiffs' counsel have not openly shared their intended use for the class list does not permit the Court to ignore the only possible need or use for a comprehensive class list – unsupervised communications between Plaintiffs' counsel and the putative class – particularly when the Court has been charged with responsibility for supervising notice and communications with the class.

**2.      The Supreme Court Decision In *Sperling* Vests This Court With Responsibility For Supervising The Notice Process.**

The Court's function is **not** limited to determining if the class list falls within the wide ambit of relevance under Rule 26(a), or whether the class list is unduly burdensome to produce. The Supreme Court in *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), dictated that the district courts have responsibility for management of the notice process, which has resulted in the two-step process for FLSA certification, with the first step being to determine – based on a showing by plaintiffs – whether Court-supervised notice should be sent to the putative class.

Plaintiffs argue that Magistrate Judge Dolinger did not err in ordering production of the list of putative class members because there is a split of authority in this district over whether class list production is appropriate prior to conditional certification.  Respectfully, the November 8, 2010 order was clear error because it misapplied the relevant governing precedent – namely the Supreme Court's decision in *Hoffmann-La Roche, Inc. v. Sperling* – for the reasons discussed at length in Defendant's original brief.  As noted in that brief, the handful of cases cited by

Plaintiffs within this district as demonstrating a split are easily distinguishable from the current case, as they were very limited in scope and not nationwide claims implicating the production of several thousand addresses and phone numbers of employees throughout the country.

Plaintiffs also cite to Rule 23 cases in support of their argument, stating that all parties should have equal access to persons who have relevant knowledge but are not yet parties in a Rule 23 action.  (Pls' Resp. to Def.'s Rule 72(a) Objections at 11).  However, courts must approach production of contact information of putative collective action members under the FLSA much more carefully than in a Rule 23 class action because the whole purpose of the opt-in procedure is to prevent "champertous practices."  29 U.S.C. § 251(a)(7).  *See also Sperling*, 493 U.S. at 174 ("Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims.  In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.").

Moreover, even in the context of jurisdiction of a Rule 23 class action under the Class Action Fairness Act, Congress has expressed concerns with production of contact information prior to certification:

> It would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified.

Senate Judiciary Report to Class Action Fairness Act of 2005, S. Rep. 109-14, at 44 (2005), as reprinted in 2005 U.S.C.C.A.N. 3.  The U.S. Supreme Court has expressed a similar view. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 342, 352, 354 (1978) (rejecting plaintiffs' attempt to obtain Rule 23 class list through discovery rules prior to certification because the "attempt to obtain the class members' names and addresses cannot be forced into the concept of "relevancy,"

concluding that "[i]n short, we do not think that the discovery rules are the right tool for this job," and holding "that Rule 23(d), which concerns the conduct of class actions, not the discovery rules, empowers the District Court to direct petitioners to help compile [] a [class] list").

**3.      Conclusion.**

Because the November 8, 2010 order is clearly erroneous and inconsistent with the court-supervised notice process created by the Supreme Court in *Sperling*, this Court should reverse the decision and not permit the production of a class list unless and until the Court grants Plaintiffs' conditional certification motion and authorizes supervised notice to putative collective action members.

Dated: December 15, 2010                        Respectfully submitted,

                                                MORGAN, LEWIS & BOCKIUS LLP


                                                   s/Sam S. Shaulson
                                                Sam S. Shaulson  (SS 0460)
                                                Thomas A. Linthorst (TL 3345)
                                                101 Park Avenue
                                                New York, NY  10178
                                                212.309.6000
                                                212.309.6001 (fax)
                                                sshaulson@morganlewis.com
                                                tlinthorst@morganlewis.com

                                                Attorneys for Defendant Citibank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's REPLY IN SUPPORT OF

DEFENDANT'S RULE 72(A) OBJECTIONS TO THE NOVEMBER 8, 2010 PRETRIAL

OPINION AND ORDER was electronically filed with the Court and served via its ECF/CM

system, on December 15, 2010, upon the following:

> Marc I. Gross
> Shaheen Rushd
> Murielle J. Steven Walsh
> Jeremy A. Lieberman
> POMARANTZ HAUDEK GROSSMAN & GROSS, LLP
> 100 Park Avenue – 26th Floor
> New York, New York  10017
>
> D. Maimon Kirschenbaum
> JOSEPH HERZFELD HESTER & KIRSCHENBAUM, LLP
> 757 Third Avenue – 25th Floor
> New York, New York  10017
>
> Seth D. Rigrodsky
> Timothy J. MacFall
> RIGRODSKY & LONG, P.A.
> 585 Stewart Avenue, Suite 304
> Garden City, NY  11530
>
> Gregory M. Egleston
> EGLESTON LAW FIRM
> 360 Furman Street, Suite 443
> Brooklyn, NY  11201

s/ Sam S. Shaulson