**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------

**DIGNA RUIZ, on behalf of herself and all others similarly situated,**

              **Plaintiff,**

    - against -

**CITIBANK, N.A.,**

             **Defendant.**

10 Civ. 5950 (JGK)

**MEMORANDUM OPINION AND ORDER**

----------------------------------------

**FREDRICK L. WINFIELD, ET AL.,**

              **Plaintiffs,**

    - against -

**CITIBANK, N.A.,**

             **Defendant.**

----------------------------------------

**JOHN G. KOELTL, District Judge:**

Defendant Citibank, N.A. ("Citibank") objects to the November 8, 2010 Memorandum Opinion and Order of Magistrate Judge Dolinger (the "Order") requiring Citibank to produce the names, addresses, and phone numbers of all persons nationwide employed by Citibank as "personal bankers." For the reasons discussed below, the objections are overruled.

**I.**

These consolidated actions, alleging non-payment of overtime wages, were brought under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 et seq., on behalf of a nationwide class of Citibank personal bankers.  In addition to the federal claims, the Ruiz action alleges violations of the New York Labor Law, and the Winfield action alleges violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., and the labor laws of Illinois, California, and the District of Columbia.

On November 2, 2010, Magistrate Judge Dolinger directed that discovery should proceed, "presumptively limited to the pertinent issues relating to the certification motion."  Hr'g Tr. 32: 12-15, Nov. 2, 2010.  Counsel for the plaintiffs requested production of a class list consisting of the names and contact information for all persons employed by Citibank as personal bankers during the class period.  Hr'g Tr. 29: 11-14.  By a Memorandum Opinion and Order dated November 8, 2010, the magistrate judge granted the plaintiffs' request.  The magistrate judge found that the information sought was relevant to, and might expedite, the motion for class certification:

> It is entirely possible that other employees in the same category will be able to supply information to the plaintiffs that will either strengthen their contention that they are "similarly situated" and thus improve the likelihood that the application for conditional certification will succeed or else will demonstrate that the plaintiffs' assumption of similarity is misplaced. . . . [P]rovision of such information at this stage may enable the plaintiffs to move at an earlier point in time for conditional certification.

Order at *3-4.

The magistrate judge rejected the defendant's argument that the plaintiffs would use this information to attempt to circumvent court supervision of their communications with prospective class members, because there was "no evidence to support that supposition and, in any event, the other pertinent considerations favor a different conclusion." Id. at *3.  The magistrate judge also rejected as unfounded the defendant's argument that production of such information would be unduly burdensome.  Accordingly, the magistrate judge ordered the defendant to produce a list of the names, addresses, and phone numbers of its personal bankers.

**II.**

The defendant's objections to the Order are overruled.  The Federal Rules of Civil Procedure require this Court to set aside any portion of the Order "that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  The Order, however, was neither clearly erroneous nor contrary to law.  Courts have differed on whether a list such as the one sought by the plaintiffs should be provided at this stage of the litigation.  See generally Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09

Civ. 1148, 2010 WL 2362981 (S.D.N.Y. June 14, 2010) (granting the plaintiffs' request for a list of potential class members' contact information prior to certification of an FLSA collective class). Production of such a list for reasonable discovery purposes is well within the magistrate judge's discretion. See id. In this case, the magistrate judge found that the list was relevant because it would disclose witnesses who would be useful for the collective motion and would speed the process of determining whether certification was appropriate. Moreover, as the magistrate judge noted, there was no showing in this case that production of the list would be unduly burdensome, or that production would present any particular privacy problems. While the defendant speculated that the list might be used for impermissible solicitation purposes, there is no basis at this time to believe that the process will be abused. The defendant is of course free to bring any abuse to the Court's attention.

The objections are **overruled**. The Clerk is directed to close **Docket No. 15**.

SO ORDERED.

Dated:   New York, New York
         January 4, 2011

_____
John G. Koeltl
United States District Judge

4