*[Handwritten note at top:]*

Application for a conference denied.
The way to limit burdensome, disproportionate discovery is to limit burdensome, disproportionate discovery, not to deny conditional certification. The parties should raise discovery disputes with the Magistrate Judge. So ordered.

/s/ J.K. Koeltl
U.S.D.J.
4/19/12

*[Left column letterhead:]*

Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel. 609.919.6600
Fax: 609.919.6701
www.morganlewis.com

**Thomas A. Linthorst**
609.919.6642
tlinthorst@morganlewis.com

April 18, 2012

**VIA FACSIMILE (212) 805-7912**

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 12B
New York, NY 10007-1312

*[Right side:]*

# Morgan Lewis
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

*[Stamp:]* RECEIVED APR 19 2012 CHAMBERS OF JOHN G. KOELTL U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __4/19/12__

Re:  Ruiz v. Citibank, N.A., 10 Civ. 5950 (JGK) (THK)
     Winfield et al. v. Citibank, N.A., 10 Civ. 7304 (JGK) (THK)

Dear Judge Koeltl:

We represent Defendant Citibank, N.A. in this case and write to raise promptly an issue relating to the notice the Court authorized to all Personal Bankers nationwide pursuant to the Court's Opinion and Order granting conditional certification (Dkt. No. 82). *Notice is scheduled to be sent to 6,000 individuals tomorrow.* Before notice is sent, we respectfully thought it appropriate to apprise the Court that Plaintiffs already breached the assurances they provided to the Court during oral argument that granting conditional certification would not cause them to seek to impose burdensome discovery on Citibank. We are available for a telephonic conference this afternoon to discuss the continued propriety of sending notice given the realization of what the Court described as a "strong reason" to deny Plaintiff's Motion for Conditional Certification.

As the Court may recall, during oral argument on Plaintiffs' Motion for Conditional Certification, the Court noted that Plaintiffs' stated intention to dramatically increase the amount of discovery that they would seek from Defendant was a "strong reason" to deny Plaintiffs' motion. Specifically, the Court stated as follows:

> **THE COURT: That then is a strong reason not to certify this. 27 individuals out of a class of 4,000. And on the other side you say, if I certify it, it will dramatically increase the burden and cost of discovery in the case and we have evidence because we have 27 people to impose on the defendant**

The Honorable John G. Koeltl
April 18, 2012
Page 2

> **individual discovery with respect to 4,000 people. That's not a good answer. Trust me.**

(Tr. at 41) (relevant excerpts of the hearing transcript are attached as Exhibit A).

Plaintiffs' counsel then provided the Court with a series of assurances that they would not seek unduly burdensome discovery from Defendant. The Court granted the motion while "cautioning the plaintiffs, however, that conditional certification of a nationwide class for purposes of notice should not be a vehicle for generating burdensome and disproportionate discovery." *Ruiz v. Citibank*, -- F. Supp.2d -- , 2012 WL 423346, at *12 n.7 (S.D.N.Y. Feb. 9, 2012).

This past Friday evening, before notice has been sent, before any other Personal Banker has opted into the case, and before the Second Phase of discovery has commenced, Plaintiffs demanded that, because "the action is now conditionally certified," Citibank must supplement its *prior* discovery responses and produce "audit logs" for each and every Personal Banker, all "audit reports" potentially from each and every one of the approximately 1,000 branches nationwide, and *all emails sent to or received by each and every Personal Banker in six jurisdictions – likely amounting to almost 4,700 individuals*. (Email and letter from Gregory M. Egleston, dated April 13, 2012, is attached as Exhibit B). Plaintiffs are well-aware of the number of individuals for whom they have sought email as they have the class list with residential addresses.

The fact that Plaintiffs seek discovery of each and every email sent or received by each and every one of almost 4,700 Personal Bankers, and they seek audit logs for each and every Personal Banker showing each and every log-in and log-out each and every day, makes clear that Plaintiffs have breached the assurances that they made in inducing the Court to grant their motion, and disregarded the Court's warning in the Opinion and Order. These are some of the same burdensome discovery requests that they sought during the prior discovery period and the type they assured the Court they would not be seeking if the Court granted conditional certification.

This discovery alone likely would cost Citibank millions, if not tens of millions of dollars to produce, likely would involve hundreds of millions of pages of documents, and is exactly the type of discovery that the Court said would provide a "strong reason" to deny conditional certification.

The cost of responding to this discovery would create extreme pressure on Citibank to settle, and demonstrates again that the claims for overtime of the Personal Bankers at issue in this case can only be adjudicated based on their own individual evidence.

In light of Plaintiffs' immediate effort to take unduly burdensome discovery in breach of their assurances to the Court at oral argument, and the Court's admonition in its Opinion and Order,

The Honorable John G. Koeltl
April 18, 2012
Page 3

we respectfully thought it appropriate to promptly bring this matter to the Court's attention for
consideration of whether it remains appropriate to send notice of this action.

Respectfully submitted,

Thomas A. Linthorst

Enclosures

c: Murielle J. Steven Walsh, Esq. (via e-mail)
   Gregory Egleston, Esq. (via e-mail)
   Timothy McFall, Esq. (via e-mail)

# EXHIBIT A

1

```
     1CKURUIC
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------------x
 2   DIGNA RUIZ, DARA SW HO,
 3
 3                  Plaintiffs,
 4
 4            v.                        10 CV 5950(JGK)(THK)
 5
 5   CITIBANK, N.A.,
 6
 6                  Defendant.
 7   ------------------------------------x
 7   FREDRICK L. WINFIELD, et al.,
 8
 8                  Plaintiffs,
 9
 9            v.                        10 CV 7304(JGK)(THK)
10
10   CITIBANK, N.A.,
11
11                  Defendant.
12   ------------------------------------x
12                                      New York, N.Y.
13                                      December 20, 2011
13                                      10:30 a.m.
14   Before:
14
15                      HON. JOHN G. KOELTL
15                                      District Judge
16
16                          APPEARANCES
17
17   POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
18        Attorneys for Ruiz Plaintiffs
18   BY:  MURIELLE STEVEN WALSH
19        MARIE OLIVER
19
20   EGLESTON LAW FIRM
20        Attorneys for Winfield Plaintiffs
21   BY:  GREGORY M. EGLESTON
21        -and-
22   RIGRODSKY & LONG, P.A.
22   BY:  TIMOTHY J. MacFALL
23        SCOTT J. FARRELL
23
24   MORGAN, LEWIS & BOCKIUS LLP
24        Attorneys for Defendant
25   BY:  THOMAS A. LINTHORST
25        SAM SCOTT SHAULSON
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

40
1CKURUIC
1           THE COURT:  There are limits.  I have had no
2   objections from the magistrate judge's ruling on my discovery,
3   and there are proportionality limits as to what the appropriate
4   scope of discovery is.  You should have gotten the most
5   relevant discovery.
6           Is it your suggestion that if I were to approve this
7   at the first stage of the collective action, that that would
8   dramatically increase the amount of discovery that you were
9   seeking from the defendant?
10          MS. WALSH:  Yes, because so far we have only been
11  given --
12          THE COURT:  That is a pretty good reason not to
13  certify it.
14          MS. WALSH:  I think, in terms of we have only gotten
15  conditional class certification discovery, we have gotten a
16  very limited amount of information.
17          THE COURT:  But you have had the class list.  There is
18  one opt-in.  And you say that approving the collective will
19  dramatically increase the discovery.  The number of cases that
20  you have come up with where overtime was not paid are
21  relatively few out of a universe of 4,000.  And one of the
22  issues then becomes, OK, we have a total number added up --
23  including putting aside whether they are hearsay or not --
24  total number of individuals out of 4,000 that you say we have
25  evidence that they were not paid overtime is how many?
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

41
1CKURUIC

 1          MS. WALSH:  I would say several dozen, about 27, 28
 2     identified.
 3          THE COURT:  You say 27 identified.  And you say 4,000
 4     potential.  And you say, if you certify this on the first
 5     stage, this will dramatically increase the discovery.
 6          MS. WALSH:  Down the road as we proceed --
 7          THE COURT:  That then is a strong reason not to
 8     certify this.  27 individuals out of a class of 4,000.  And on
 9     the other side you say, if I certify it, it will dramatically
10     increase the burden and cost of discovery in the case and we
11     have evidence because we have 27 people to impose on the
12     defendant individual discovery with respect to 4,000 people.
13          That's not a good answer.  Trust me.
14          MS. WALSH:  Courts have conditionally certified
15     nationwide cases on --
16          THE COURT:  I know that.  Usually, a response to a
17     question of what the impact on discovery would be, would be an
18     answer that it will be proportional to what is involved and
19     that you have means and methods of limiting the discovery --
20     not that certification at the first stage of an FLSA action
21     will impose burdensome cost on the defendant, to cause the
22     defendant to settle a case that might otherwise have been
23     defended.
24          All of that skews the purpose of the FLSA.
25          MS. WALSH:  If your Honor is concerned about the scope
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

42

```
      1CKURUIC
 1    of discovery, plaintiffs would be open to --
 2            THE COURT:  Keep your voice up.
 3            MS. WALSH:  If your Honor has concerns about the scope
 4    of discovery, we would be willing to engage in some kind of
 5    proportional basis on a case-by-case basis.
 6            THE COURT:  You say am I concerned.  Of course I am
 7    concerned.  I am concerned partially because of your answer,
 8    right?  You tell me that if I certify it, that that will
 9    dramatically increase the costs of the discovery, right?
10    Right?
11            MS. WALSH:  I think I just backtracked a bit on that,
12    that we would be willing to engage in proportionate discovery.
13    If the Court conditionally certifies, what you can be certain
14    is that we will get notice out to potentially collective
15    members and that's really what is important for present
16    purposes.
17            I understand your Honor's concern about discovery --
18            THE COURT:  And you say that this case can be easily
19    tried because what you really need is the audit records which
20    just show when did people check in, when did they leave and
21    what were they paid, right?
22            MS. WALSH:  They showed when people checked in and
23    when they left.
24            THE COURT:  So that you could see whether they worked
25    overtime or not?
```

1CKURUIC
```
 1              MS. WALSH:  I think that definitely that would be very
 2    helpful in that regard, sure.
 3              THE COURT:  The rule says the Court must limit the
 4    frequency or extent of discovery otherwise allowed by these
 5    rules or by local rules if it determines that the burden or
 6    expense of the proposed discovery outweighs its likely benefit,
 7    considering the needs of the case, the amount in controversy,
 8    the parties' resources, the importance of the issues at stake
 9    in the action and the importance of the discovery in resolving
10    the issues.  The Court must do that.
11              And you say, if I grant your motion, the scope of
12    discovery will be "dramatically increased" because you have 27
13    individuals out of a potential collective class of 4,000.
14              MS. WALSH:  Right.  Like I said, your Honor, we are
15    open to engaging in some kind of step-by-step discovery
16    process, something that would satisfy your Honor's concerns
17    that the defendant is being overly burdened in the early stage
18    of the litigation.  But there is nothing in the FLSA that says
19    you cannot send out notices -- that's what we are really trying
20    to get at here is sending out notice to potential class
21    members.  And the showing that we have to make in order for us
22    to do that, your Honor, is very minimal.
23              THE COURT:  What do you think are the strongest cases
24    that you have with respect to certifying a comparable class
25    with the showing that you have made and the number of potential
```

# EXHIBIT B

## Linthorst, Thomas A.

| | |
|---|---|
| **From:** | Gregory Egleston [egleston@gme-law.com] |
| **Sent:** | Friday, April 13, 2012 5:49 PM |
| **To:** | Linthorst, Thomas A. |
| **Cc:** | Murielle Steven Walsh; Timothy MacFall; Marie Oliver |
| **Subject:** | Ruiz v. Citibank, 10cv-5950 |
| **Attachments:** | Ltr to Linthorst_04132012.pdf |

Tom: Please see attached. Regards, Greg

Gregory M. Egleston, Esq.
**Egleston Law Firm**
440 Park Avenue South, 5th Floor
New York, New York 10016
212.683.3400 Phone
212.683.3402 Fax
www.gme-law.com

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify the Egleston Law Firm immediately by telephone at 212-683-3400, or e-mail at egleston@gme-law.com and immediately delete this message and all its attachments.

## *Egleston Law Firm*

440 Park Avenue South, 5ᵗʰ Floor
New York, New York 10016
Email: egleston@gme-law.com
Website: www.gme-law.com

Tel: (212) 683-3400

Fax: (212) 683-3402

April 13, 2012

**By Email (tlinthorst@morganlewis.com)**

Thomas A. Linthorst, Esq.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540

> Re: *Digna Ruiz v. Citibank, N.A.*, Civil Action No.: 10-cv-5950
> *Frederick Winfield, et al. v. Citibank, N.A.*, Civil Action No.: 10-cv-7304

Dear Tom:

We write with respect to Second Phase Discovery matters. As you know, we anticipate the notice of collective action will be mailed next week, triggering the 90-day opt-in period and Second Phase Discovery. Plaintiffs are mindful of Judge Koeltl's guidance that discovery should be proportionate to the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Accordingly, we are pursuing discovery in a fashion that we believe is highly targeted and appropriate at this juncture, without prejudice to our ability to seek additional discovery at a later time.

We request that Defendant produce the following categories of discovery responsive to Plaintiffs' previously served First Set of Interrogatories (the "Interrogatories") and Plaintiff's First Request for Production of Documents ("the Document Requests").

*Thomas A. Linthorst, Esq.*
*April 13, 2012*
*Page 2*

Interrogatory Nos. 1,[1] 2,[2] 3,[3] and 5[4] request the identification of all persons with knowledge of the subject matter of these litigations, as well as identification of any Defendant communications with current and former employees, including Personal Bankers, that relate to the subject matter of these lawsuits. Although Defendant has produced written statements from Citibank employees during motion practice, Defendant's discovery obligation is ongoing, and Defendant's responses to these interrogatories should be supplemented.

Further, as to Document Request Nos. 3,[5] 10,[6] and 16,[7] Defendant originally responded that the request is premature "when no class or collective action has been certified." As the action is now conditionally certified, we request that Defendant supplement its production and produce the materials sought in these requests. In particular, at this time Plaintiffs seek:

- Branch audit logs recording Personal Bankers' computer log-in and log-out times;
- Audit reports utilizing branch audit logs to cross-check time reported versus actually worked; and
- E-mails sent or received by Personal Bankers employed during the relevant times in California, Washington, D.C., Florida, Illinois, New York, and Virginia.

---

[1] *See* Interrogatory No. 1 ("Identify all persons whom Defendant believes have knowledge or information relating to the subject matter of this lawsuit . . . .").

[2] *See* Interrogatory No. 2 ("Identify any written or oral communications, statements (sworn or unsworn), declarations or affidavits obtained by you, your attorneys, or anyone acting on your or their behalf . . . ." and to produce such communications).

[3] *See* Interrogatory No. 3 ("Identify any written or oral communications, statements (sworn or unsworn), declarations or affidavits obtained by you, your attorneys, or anyone acting on your or their behalf from current or former Personal Bankers" and others, and to produce such communications).

[4] *See* Interrogatory No. 5 ("Identify any written or oral communications, statements (sworn or unsworn), declarations or affidavits by current or former Personal Bankers" and others "regarding unpaid overtime, not allowing overtime hours, and/or adjustments to the timekeeping records of Personal Bankers" and to produce such communications).

[5] *See* Document Request No. 3 ("All documents concerning work arrival and departure times for Citibank Personal Bankers . . . .").

[6] *See* Document Request No. 10 ("All emails sent, or received by, Citibank Personal Bankers.").

[7] *See* Document Request No. 16 ("All documents concerning complaints or inquiries, formal or informal, by any Personal Banker regarding wage hour issues . . . .").

*Thomas A. Linthorst, Esq.*
*April 13, 2012*
*Page 3*

Further, as to Document Request No. 5 ("All documents concerning the amount of time required to perform a given task, assignment, duty or function performed by Personal Bankers"), Defendant responded that "Defendant's investigation is ongoing and it will supplement this response if additional relevant documents are located." Please inform us whether Defendant intends to supplement its response to Document Request No. 5.

In addition, as to Document Request No. 22 ("Documents concerning any investigation conducted by any governmental authority or agency, including but not limited to the U.S. Department of Labor regarding the labor practices of Citibank"), Plaintiffs believe that this request is narrowly tailored as to whether Citibank has any documents concerning investigations conducted by any governmental authority or agency concerning Defendant's labor practices (*i.e.*, overtime issues).

Please advise at your earliest possible convenience if you intend to: (1) supplement your responses to Interrogatory Nos. 1, 2, 3, and 5; (2) supplement Document Request Nos. 3, 5, 10, 16, and 22; (3) produce Citibank's branch audit logs; (4) produce the audit reports concerning the logs; and (5) produce emails to or from Personal Bankers employed in California, Washington, D.C., Florida, Illinois, New York and Virginia.

Please let me know if you want to discuss this further.

Very truly yours,

Gregory M. Egleston

cc:     Murielle Steven Walsh, Esq. (via e-mail)
        Timothy J. MacFall, Esq. (via e-mail)