# POMERANTZ
## GROSSMAN HUFFORD DAHLSTROM & GROSS LLP

Attorneys at Law

**Murielle Steven Walsh**
Partner
mjsteven@pomlaw.com

600 Third Avenue
New York, New York 10016
T: 212.661.1100  D: 646.581.9977

July 12, 2013

**VIA ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 18D
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/16/2013
```

Re:  *Ruiz v. Citibank, N.A.*, Case No: 1:10-cv-5950 (JGK)(RLE)
     *Winfield v. Citibank, N.A.*, Case No: 1:10-cv-7304 (JGK)(RLE)

Dear Judge Polk Failla,

The parties write this letter jointly to provide a status report on the above-referenced matters, pursuant to Your Honor's Order dated June 27, 2013. Attached hereto are the most recent complaints in the above-referenced matters, and the most recent scheduling order (Dkt. No. 124).

1.   **Brief Statement of the Case**

This case involves two consolidated actions bringing nationwide Fair Labor Standards Act ("FLSA") collective action claims alleging that Personal Bankers working for Citibank worked overtime without being paid for all the overtime hours that they worked. The *Ruiz* action also alleges a putative Rule 23 class action on behalf of Personal Bankers in New York, and the *Winfield* action alleges putative Rule 23 class actions on behalf of Personal Bankers in Illinois, California and D.C. based on these same allegations.

The major issues of liability and damages for plaintiffs' claims include, without limitation, whether and to what extent the Plaintiffs and those they seek to represent worked overtime, whether and to what extent they were paid for all overtime worked, and whether any alleged unpaid work was compensable under applicable legal standards. Other issues include whether any alleged failure to pay overtime was willful, whether those that have opted into this case can continue to proceed together as a collective action or whether they should be dismissed without prejudice pursuant to Citibank's anticipated motion to decertify under the FLSA, and whether the overtime claims of Personal Bankers in New York, Illinois, California, and D.C.

can be certified under Rule 23 pursuant to Plaintiffs' anticipated motion for class certification. Citibank also contends that the following are issues to be decided in the case: Whether and to what extent Plaintiffs and those they seek to represent recorded the overtime they worked, whether and to what extent Citibank knew or should have known of any alleged unpaid compensable overtime, whether and to what extent claims for alleged unpaid overtime are timely, and whether Citibank had a good faith basis for any alleged failure to pay unpaid overtime. The parties respectfully refer the Court to the complaints and answers for further articulation of the claims and defenses.

2.     **Subject Matter Jurisdiction and Venue**

According to Plaintiffs, there is federal question jurisdiction over both the FLSA claims pursuant to 28 U.S.C. §1331, and the state law class claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). Plaintiffs also claim there is supplemental jurisdiction over the individual state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' claim venue is proper under 28 U.S.C. § 1391 because Defendant does substantial business in this district. Citibank concedes that there is federal question jurisdiction for Plaintiffs' FLSA claims, and that there is proper venue in this Court, but reserves the right to dispute CAFA and supplemental jurisdiction if appropriate.

3.     **Motion Practice**

On May 13, 2011, Citibank filed a motion to dismiss the ERISA class claims from the amended *Winfield* complaint, as well as to dismiss or strike the class component of the California class claims and the request for injunctive relief. On January 30, 2012, the Court granted the motion to dismiss the ERISA class claims, but denied without prejudice the motion to dismiss or strike the California class claims, on the basis that it was premature. (*Winfield* Dkt. No. 54).

On April 29, 2011, Plaintiffs filed a motion for conditional certification of the FLSA claims and for notice of this case to be sent to Personal Bankers nationwide, which the Court granted on February 9, 2012. (*Ruiz* Dkt. No. 82). Notice of this case was sent to approximately 6,000 current and former Personal Bankers, and approximately 400 individuals opted into the action.

Citibank also has requested permission to file a motion for summary judgment on the opt-ins whose FLSA claims are time-barred. On June 3, 2013, Citibank filed a letter with Judge Koeltl requesting a pre-motion conference on Citibank's proposed motion for summary judgment on the time barred opt-ins. A conference was scheduled for June 13, 2013 (*Ruiz* Dkt. No. 130), but was canceled when the parties were advised that the cases had be reassigned to Your Honor. The parties will provide Your Honor with a copy of the letters describing this issue upon request.

Citibank intends to file a motion for decertification of the conditionally certified FLSA collective after the close of the current phase of discovery.

Plaintiffs intend to file motions for Rule 23 class certification of the New York, Illinois, D.C. and California classes after the close of the current phase of discovery.

**4.    Discovery**

During the initial phase of discovery, both sides responded to written discovery requests, and Citibank produced to Plaintiffs a list of all members of the putative FLSA class. Citibank deposed the five named Plaintiffs and one opt-in, and produced thousands of documents, including emails from 54 custodians (including the six Personal Bankers, their Branch Managers, Area Directors, and Division Directors, and Branch Managers from 10 additional branches selected by Plaintiffs).

The current phase of discovery following the issuance of notice of this case is directed to Plaintiffs' anticipated motions for Rule 23 class certification of the NY, IL, CA and DC state law claims, and Citibank's anticipated motion for decertification of the FLSA claims. Citibank sought discovery from all the opt-ins, which the Court denied via Order dated October 15, 2012 (*Ruiz* Dkt. No. 123), and instead ordered that the parties come to an agreement as to a sampling of opt-ins from whom discovery could be taken relating to these anticipated motions. Pursuant to this Order, the parties agreed to a sample of 30 opt-ins, 15 selected by each party. Written responses to discovery served on the sample opt-ins was due in February 2013. After discovery was served, three opt-ins requested to be dismissed from the action (*Ruiz* Dkt. No. 129), and were replaced in the sample. Thus far, 24 of the sample opt-ins have provided some response to the written discovery requests. On June 27, 2013, Judge Ellis ordered the remaining six opt-ins who never responded to discovery to respond within 30 days of the order, or face possible dismissal of their claims.

Plaintiffs have also served written discovery requests on Citibank, to which Citibank responded on March 18, 2013. After several conferences between the parties on this discovery, the parties agreed to the production of certain additional emails for all the sample opt-ins and their branch managers, as well as certain additional records.

Plaintiffs have noticed three depositions under Rule 30(b)(6). The first deposition has been taken, and Plaintiffs are waiting for Defendant to identify and produce the other two witnesses. Citibank intends to depose the 30 sample opt-ins once the records pertaining to such individuals have been produced.

**5.    Computation of Damages**

As noted, the parties are currently still in Second Phase Discovery which has been limited to issues concerning class certification. Plaintiffs have had no merits discovery yet on the issue



of damages, and therefore are not yet able to provide an estimate of aggregate recoverable damages. However, Citibank contends that Plaintiffs have sufficient information to provide a computation of damages.

6. **Procedural Posture and Upcoming Deadlines**

Under the current scheduling order, the current phase of discovery is scheduled to close on July 18, 2013, and Citibank's motion for decertification is due 45 days from the close of discovery on September 3, 2013. The parties anticipate requesting additional time to complete this phase of discovery and a related extension of the motion deadline, and will make such request to Magistrate Ellis under the current delegation order, with copy to Your Honor.

7. **Settlement Discussions**

The parties have not engaged in settlement discussions, and do not request a settlement conference at this time.

8. **Other Information**

The parties are available to address any questions the Court may have.

Respectfully,

Murielle Steven Walsh

MSW/lv
Enclosures
cc:   Stephanie Rosel Reiss (via e-mail)
      Gregory M. Egleston (via e-mail)
      Timothy J. MacFall (via e-mail)
      Olga A. Pettigrew (via e-mail)
      Star M. Tyner (via e-mail)