UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DIGNA RUIZ, on behalf of herself and all others similarly situated, | : : : | |
| Plaintiff, | : : | **Civ. A. No. 10-cv-5950 (KPF) (RLE)** |
| v. | : : | |
| Citibank, N.A., | : : | |
| Defendant | : | |
| FREDERICK WINFIELD, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | **Civ. A. No. 10-cv-7304 (KPF) (RLE)** |
| v. | : : | |
| Citibank, N.A., | : : | |
| Defendant | : | |

## **DECLARATION OF THOMAS A. LINTHORST**

I, Thomas A. Linthorst, declare the following:

1. I am an attorney with the law firm of Morgan, Lewis & Bockius LLP, counsel for Defendant Citibank, N.A. in the above-captioned lawsuits. I have personal knowledge of the statements made in this Declaration.

2. Following Judge Koeltl's February 9, 2012 Order granting Plaintiffs' motion to conditionally certify this case as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiffs sent notice to more than 6,000 current and former Citibank Personal Bankers, including individuals in New York who only had timely New York state law but not FLSA claims, according to Citibank personnel records.

3. Just 436 of these individuals (7%) joined the case, not including named Plaintiff Digna Ruiz who also filed an opt-in claim form. Of those, 156 have FLSA claims that are completely time-barred according to Citibank personnel records.

4. The parties then engaged in almost two years of discovery directed at Plaintiffs' anticipated Motion for Class Certification under Rule 23 and Citibank's Motion for Decertification of the FLSA claims.

5. After the Court limited discovery to a "sampling" of Opt-Ins, the parties agreed that discovery was to be taken from 30 opt-ins – 15 chosen by Plaintiffs and 15 chosen by Citibank.

6. Over half of those chosen by Citibank to participate in discovery, however, refused to do so, and a request for their dismissal, and the dismissal of the Opt-Ins chosen by Plaintiffs who also refused to participate in discovery, is pending before Judge Ellis.

7. Despite repeated efforts to replace those Opt-Ins in the discovery pool who refused to participate in discovery, only 23 Opt-Ins participated in all discovery, including deposition, during this phase.

8. For each opt-in who participated in discovery, the parties exchanged written discovery and Citibank produced certain emails from the Opt-Ins and those who were the Opt-In's Branch Managers during the period of their FLSA claim.

9. During the second phase of discovery, Citibank produced emails for 80 additional custodians – 26 Opt-Ins and 54 Branch Managers.

10. Citibank has produced over 250,000 pages of documents in this litigation.

11. In addition, Plaintiffs deposed five corporate representatives of Citibank regarding a wide variety of topics, including Citibank's overtime and other compensation policies, timekeeping system, computer log records, security cameras and alarm systems, restructurings, and other human resources matters.

12. Citibank has deposed a total of 29 Plaintiffs and Opt-Ins in this litigation.

13. Attached as Exhibits 1-37 are true and correct copies of the Plaintiffs' and Opt-Ins most recent Interrogatory Responses, in which each of them objected and refused to calculate their own damages on the grounds that doing so would be "unduly burdensome."

14. The 37 Plaintiffs and Opt-Ins who provided responses to Citibank's interrogatories identified 177 different witnesses, and all of the witnesses each Plaintiff and Opt-In identified are exclusive to him or her except one – a Branch Manager who was identified by three of the Opt-Ins and who managed those Opt-Ins during varying periods of time.

15. Attached hereto as Exhibit 38 is the Declaration of Richard Paliotta.

16. Morgan Lewis & Bockius, LLP received email data for over 100 custodians from Citigroup. Morgan Lewis & Bockius, LLP attorneys then forwarded this data to a vendor for processing, received the processed email data from the vendor, and produced this email data in the litigation. The emails attached hereto as Exhibits 39-43, which are designated as confidential

and shall be filed under seal, are true and correct copies of emails that were among the email data that was received from Citigroup, processed by the vendor, and produced in this litigation.

      16.1    Exhibit 39 is an email Bates labeled CITI-RUIZ 174108.

      16.2    Exhibit 40 is an email Bates labeled CITI-RUIZ 173393.

      16.3    Exhibit 41 is an email Bates labeled CITI-RUIZ 203488-90.

      16.4    Exhibit 42 is an email Bates labeled CITI-RUIZ 195057.

      16.5    Exhibit 43 is an email Bates labeled CITI-RUIZ 200831.

17. Attached hereto as Exhibit 44 is the Declaration of Rosemary Alicea.

18. Attached hereto as Exhibit 45 is the Declaration of Austin Botu.

19. Attached hereto as Exhibit 46 is the Declaration of Laurie Costa.  The exhibits to this declaration are designated as confidential and shall be filed under seal.

20. Attached hereto as Exhibit 47 is the Declaration of Tania Greenhill.

21. Attached hereto as Exhibit 48 is the Declaration of Geoff Hammond.

22. Attached hereto as Exhibit 49 is the Declaration of Sharon Hearon.

23. Attached hereto as Exhibit 50 is the Declaration of Erika Maldonado-Tirado.

24. Attached hereto as Exhibit 51 is the Declaration of Tracey Mularchyk.

25. Attached hereto as Exhibit 52 is the Declaration of Stephanie Nguyen.

26. Attached hereto as Exhibit 53 is the Declaration of Daniel Plazola.

27. Attached hereto as Exhibit 54 is the Declaration of Rose Polyakova.

28. Attached hereto as Exhibit 55 is the Declaration of Tiyeesha Shaw.

29. Attached hereto as Exhibit 56 is the Declaration of Rick Sorrells.  The exhibits to this declaration are designated as confidential and shall be filed under seal.

30. Attached hereto as Exhibit 57 is the Declaration of Lori Suomela.  The exhibits to this declaration are designated as confidential and shall be filed under seal.

31. Attached hereto as Exhibit 58 is the Declaration of Tony Lee Wong.

32. Attached hereto as Exhibit 59 is a true and correct copy of excerpts of the deposition transcript of Jeffrey Adler, taken on November 6, 2013.

33. Attached hereto as Exhibit 60 is a true and correct copy of excerpts of the deposition transcript of Craig Ash taken on October 15, 2013, as well as deposition exhibit Ash-28, which is designated as confidential and shall be filed under seal.

34. Attached hereto as Exhibit 61 is a true and correct copy of excerpts of the deposition transcript of Monica Burgos, taken on April 3, 2014.

35. Attached hereto as Exhibit 62 is a true and correct copy of excerpts of the deposition transcript of Edgardo Carreno taken on November 12, 2013.

36. Attached hereto as Exhibit 63 is a true and correct copy of excerpts of the deposition transcript of Christopher Drago, taken on April 3, 2014.

37. Attached hereto as Exhibit 64 is a true and correct copy of excerpts of the deposition transcript of Patsy Drews taken on December 3, 2013.

38. Attached hereto as Exhibit 65 is a true and correct copy of excerpts of the deposition transcript of Bernadette M. Foley, taken on October 21, 2013.

39. Attached hereto as Exhibit 66 is a true and correct copy of excerpts of the deposition transcript of Dara S. Ho taken on March 3, 2011, as well as deposition exhibit Ho-11, which is designated as confidential and shall be filed under seal.

40. Attached hereto as Exhibit 67 is a true and correct copy of excerpts of the deposition transcript of James R. Hurler taken on January 24, 2014.

41. Attached hereto as Exhibit 68 is a true and correct copy of excerpts of the deposition transcript of Frantz Jeudy, taken on January 13, 2014.

42. Attached hereto as Exhibit 69 is a true and correct copy of excerpts of the deposition transcript of Thomas Kenney, taken on November 13, 2013.

43. Attached hereto as Exhibit 70 is a true and correct copy of excerpts of the deposition transcript of Renata Kosiba taken on December 2, 2013.

44. Attached hereto as Exhibit 71 is a true and correct copy of excerpts of the deposition transcript of Anthony F. Lewis, taken on November 18, 2013.

45. Attached hereto as Exhibit 72 is a true and correct copy of excerpts of the deposition transcript of Ethel Lindsey, taken on December 9, 2013.

46. Attached hereto as Exhibit 73 is a true and correct copy of excerpts of the deposition transcript of Thomas Massey, taken on October 28, 2013.

47. Attached hereto as Exhibit 74 is a true and correct copy of excerpts of the deposition transcript of Francisca Moline, taken on October 10, 2013.

48. Attached hereto as Exhibit 75 is a true and correct copy of excerpts of the deposition transcript of Zulma G. Muniz, taken on February 18, 2011.

49. Attached hereto as Exhibit 76 is a true and correct copy of excerpts of the deposition transcript of April Nessler, taken on November 7, 2013.

50. Attached hereto as Exhibit 77 is a true and correct copy of excerpts of the deposition transcript of Anthony Peragine taken on February 28, 2014, as well as deposition exhibit Peragine-11, which is designated as confidential and shall be filed under seal.

51. Attached hereto as Exhibit 78 is a true and correct copy of excerpts of the deposition transcript of Paul Pikulin, taken on December 17, 2013.

52. Attached hereto as Exhibit 79 are a true and correct copies of excerpts of the deposition transcripts of Digna Ruiz, Volume I taken on January 24, 2011; and Volume II taken on January 31, 2011.

53. Attached hereto as Exhibit 80 is a true and correct copy of excerpts of the deposition transcript of Gladys R. Sanchez taken on February 12, 2014, as well as deposition exhibit Sanchez-12, which is designated as confidential and shall be filed under seal.

54. Attached hereto as Exhibit 81 is a true and correct copy of excerpts of the deposition transcript of Myra Schornstein taken on October 7, 2013, as well as deposition exhibit Schornstein-15, which is designated as confidential and shall be filed under seal.

55. Attached hereto as Exhibit 82 are true and correct copies of excerpts of the deposition transcripts of Adoram Shen, Volume I, taken on February 25, 2011; and Volume II, taken on March 28, 2011.

56. Attached hereto as Exhibit 83 is a true and correct copy of excerpts of the deposition transcript of James Steffensen, taken on March 4, 2011.

57. Attached hereto as Exhibit 84 is a true and correct copy of excerpts of the deposition transcript of Lori Suomela (30(b)(6)), taken on January 17, 2014.

58. Attached hereto as Exhibit 85 is a true and correct copy of excerpts of the deposition transcript of Jorge Valencia taken on March 12, 2014, as well as deposition exhibit Valencia-17, which is designated as confidential and shall be filed under seal.

59. Attached hereto as Exhibit 86 is a true and correct copy of excerpts of the deposition transcript of Jeffrey Wallace taken on November 8, 2013, as well as deposition exhibit Wallace-18, which is designated as confidential and shall be filed under seal.

60. Attached hereto as Exhibit 87 is a true and correct copy of excerpts of the deposition transcript of Peggy A. Williams taken on February 6, 2014.

61. Attached hereto as Exhibit 88 is a true and correct copy of excerpts of the deposition transcript of Frederick Winfield, taken on February 15, 2011.

I declare under the penalty of perjury that the foregoing is true and correct.

                                          */s/ Thomas A. Linthorst*
                                          Thomas A. Linthorst

Executed on this 30th day of April, 2014.