```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
  DIGNA RUIZ, et al.,                                   :
                                                        :
                                  Plaintiffs,           :
                         v.                             :    10 Civ. 5950 (KPF) (RLE)
                                                        :
  CITIBANK, N.A.,                                       :
                                                        :
                                  Defendant.            :
                                                        :
------------------------------------------------------- X    OPINION AND ORDER
                                                             ADOPTING REPORT AND
------------------------------------------------------- X      RECOMMENDATION
                                                        :
  FREDERICK L. WINFIELD, et al.,                        :
                                                        :
                                  Plaintiffs,           :
                         v.                             :    10 Civ. 7304 (KPF) (RLE)
                                                        :
  CITIBANK, N.A.,                                       :
                                                        :
                                  Defendant.            :
                                                        :
------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 19, 2014

KATHERINE POLK FAILLA, District Judge:

Pending before the Court is the Amended Report and Recommendation of United States Magistrate Judge Ronald L. Ellis, dated June 6, 2014 (the "Report"). (Dkt. #192). In the Report, Judge Ellis recommends that this Court dismiss with prejudice the Fair Labor Standards Act ("FLSA") claims of five sample Opt-In Plaintiffs who did not comply with the Court's Order of June 27, 2013 (the "Non-Compliant Opt-In Plaintiffs").[1] No party has filed an objection

---

[1] Judge Ellis's initial Report and Recommendation recommended dismissal of the Non-Compliant Opt-In Plaintiffs' FLSA claims, but not their New York State law or Employee Retirement Income Security Act ("ERISA") claims. (Dkt. #185). After Defendant

to the Report. For the reasons set forth below, the Court adopts the Report in its entirety.

## BACKGROUND

On August 6, 2010, Plaintiff Digna Ruiz filed a nationwide collective action under the FLSA and a statewide class action under the New York Labor Law, on behalf of current and former personal bankers employed by Citibank. (Dkt. #1).[2] On February 9, 2012, the Honorable John G. Koeltl, the United States District Judge to whom the matter was previously assigned (Dkt. #131), conditionally certified the FLSA collective action (Dkt. #82). On October 15, 2012, Judge Koeltl granted Plaintiffs' request to preclude discovery from each of the Opt-In Plaintiffs, ordering that initial discovery — concerning Plaintiffs' anticipated motion to certify a class under Federal Rule of Civil Procedure 23 and Defendant's anticipated motion to decertify the FLSA collective action — proceed only as to a sample of Opt-In Plaintiffs. (Dkt. #123). The parties agreed that there would be 30 such sample Plaintiffs, with 15 chosen by Plaintiffs and 15 chosen by Defendant (Dkt. #144), and that the sample Plaintiffs' responses to Defendant's discovery requests would be due by February 25, 2013 (Dkt. #133).

---

Citibank, N.A. ("Citibank" or "Defendant") pointed out that the ERISA claims had already been dismissed (Dkt. #186), Judge Ellis issued the Amended Report and Recommendation (Dkt. #192).

[2]   This case is proceeding in tandem with *Winfield, et al.* v. *Citibank, N.A.*, No. 10 Civ. 7304 (KPF) (RLE), filed September 22, 2010. All docket citations are to *Ruiz et al.* v. *Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE).

On June 27, 2013, the case was reassigned to the undersigned. (Dkt. #131). By that date, six Opt-In Plaintiffs from the sample group still had not responded to discovery requests: Brian Araujo, Eliyahu Lederman, Ethel Lindsey, Matthew Nyden, Hemrajie Persaud, and Ting Yen Wang. (Dkt. #133). On June 27, 2013, Judge Ellis ordered these Opt-In Plaintiffs to respond to the outstanding discovery requests by July 29, 2013, and warned that failure to do so might result in the dismissal of their claims with prejudice. (*Id.*). On October 28, 2013, Defendant informed Judge Ellis that only Ethel Lindsey had subsequently responded, and requested that the remaining five Non-Compliant Opt-In Plaintiffs be dismissed from the case for failure to comply with the June 27 Order. (Dkt. #144).

Plaintiffs responded on November 6, 2013, that "dismissal as a sanction for failure to comply with discovery is an extreme sanction, particularly where, as here, Defendant may select an alternative opt-in plaintiff to serve as a representative for the sample group." (Dkt. #148). Plaintiffs then requested that, if Judge Ellis did grant Defendant's request, he dismiss only the FLSA claims and not the state law claims. (*Id.*).

On June 6, 2014, Judge Ellis issued the Report, recommending that Defendant's motion be granted with respect to the FLSA claims of the Non-Compliant Opt-In Plaintiffs, and denied with respect to any other claims. (Report 4). The Report, pursuant to Federal Rule of Civil Procedure 72, directed the parties to file any written objections to the Report with the Court within 14 days from the date the Report was issued, and informed the parties

3

that the failure to file timely objections would result in a waiver of those objections and would preclude appellate review. (Report 5). Objections to the Report were due by June 20, 2014. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b)(2). No objections were filed.

## DISCUSSION

**A.     The Standard of Review**

When a district court assesses the report and recommendation of a magistrate judge, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews *de novo* any portions of a magistrate judge's report and recommendation to which a party submits a timely objection. *Id.* "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *King* v. *Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (internal quotation marks and citation omitted), *aff'd*, 453 F. App'x 88 (2d Cir. 2011) (summary order); *see also Brown* v. *Time Warner Cable, Inc.*, No. 10 Civ. 8469 (AJN) (RLE), 2012 WL 5878751, at *1 (S.D.N.Y. Nov. 21, 2012); *Gomez* v. *Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review. *See Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

4

**B.     Analysis**

    **1.     The Parties Have Waived Their Right to Object to, and to Obtain Appellate Review of, the Report**

As noted, Judge Ellis informed the parties that they had 14 days after being served with a copy of the Report to file any objections, and warned that failure to file a timely objection would result in a waiver of the right to do so, and a waiver of the right to object on appeal. (Report 5). Having received clear notice of the consequences of remaining silent, and having neither filed objections nor requested extensions of time in which to do so, the parties have waived their right to object to the Report and their right to obtain appellate review of the Report. *See Li Ping Fu* v. *Pop Art Int'l, Inc.*, No. 10 Civ. 8562 (DLC), 2011 WL 6092309, at *2 (S.D.N.Y. Dec. 7, 2011) (identifying that "[t]he parties' failure to file written objections precludes [appellate] review of [the] decision," except as to an issue not addressed in the report and recommendation); *see also United States* v. *Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997) (same).

    **2.     The Court Adopts the Report in Its Entirety**

The Court has reviewed the Report's recommendations for clear error, and finds none. The recommendations are firmly supported by fact and law. The Court will address each of the recommendations in turn.

        **a.     Dismissal of the Non-Compliant Opt-In Plaintiffs' FLSA Claims Is Appropriate**

In determining appropriate sanctions for violation of an order to provide or permit discovery, a reviewing court will consider, *inter alia*, "[i] the

5

willfulness of the non-compliant party or the reason for noncompliance; [ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance; and [iv] whether the non-compliant party had been warned of the consequences of … noncompliance." *World Wide Polymers, Inc.* v. *Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (quoting *Agiwal* v. *Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (internal quotation marks omitted).  Dismissal with prejudice is a permissible response to a failure to obey an order to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A)(v).  However, this Circuit has "recognized that 'dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant.'" *Agiwal*, 555 F.3d at 302 (quoting *Bobal* v. *Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).

First, while the Report did not explicitly address the willfulness of the Non-Compliant Opt-In Plaintiffs or the reason for their non-compliance, the Court finds ample evidence of willfulness in the record.  Although a party's simple failure to respond to a discovery request will ordinarily not be deemed willful, *see Saleem* v. *Corporate Transp. Grp.*, No. 12 Civ. 8450 (JMF), 2013 WL 6331874, at *4 (S.D.N.Y. Dec. 5, 2013) (declining in the absence of prior judicial warning to dismiss claims of opt-in FLSA sample plaintiffs who failed to respond to discovery requests); *Ayers* v. *SGS Control Servs.*, No. 03 Civ. 9077 (RMB), 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007) (same), prolonged failure to respond after specifically being ordered by the court to do so and

6

warned of the consequences can render dismissal appropriate, *see, e.g.*, *Agiwal*, 555 F.3d at 303; *Valentine* v. *Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("The record in this case reveals [Plaintiff's] sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders ... would result in the dismissal of his action. We see no abuse of discretion in the court's imposition of that sanction in the circumstances of the present case."). The instant litigation does not present quite so many repeated warnings as in *Agiwal* or *Valentine*, but a substantial amount of time elapsed in which the Non-Compliant Opt-In Plaintiffs entirely failed to respond to both discovery requests and Judge Ellis's June 27, 2013 Order, the latter of which explicitly warned them of the consequences of failure to participate in discovery. (Report 3-4). Such deliberate disregard amply demonstrates willfulness.

    Second, the Report found that "there are no lesser sanctions than dismissal that would be effective." (Report 4). Given the Non-Compliant Opt-In Plaintiffs' record of disregard of court orders and of the discovery requests of Defendant, and the attendant delays in constructing a sample group of Plaintiffs (*id.*), this finding was not clearly erroneous.

    Third, the Report found that "[t]he Non-Compliant Opt-In Plaintiffs have been non-responsive to Citibank's discovery requests for approximately one year." (Report 4). It has now been 18 months since discovery was due from the sample Opt-In Plaintiffs, and over one year since the June 27, 2013 Order to comply with discovery requests. While there is no precise temporal

7

threshold at which a period of noncompliance warrants dismissal, this Circuit's precedent supports the Report's finding that the delay in the instant litigation merits dismissal. *Compare World Wide Polymers*, 694 F.3d at 159-60 (finding a single seven-week delay insufficient for dismissal), *with Agiwal*, 555 F.3d at 303 (finding failure to respond over a six-month period sufficient).

Fourth, the Report noted that "[t]he Non-Compliant Opt-In Plaintiffs ... have been warned that their failure to respond may result in dismissal of their claims with prejudice." (Report 4). This factor has been identified as the "[m]ost critical[]" of the *Agiwal* factors, *World Wide Polymers*, 694 F.3d at 160, and this Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility. *See, e.g., Valentine*, 29 F.3d at 49-50; *John B. Hull, Inc.* v. *Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1177 (2d Cir. 1988).

In addition to the four *Agiwal* factors discussed above, some courts in this Circuit have considered whether the party's non-compliance has caused prejudice to the opposing party. *See, e.g., Saleem*, 2013 WL 6331874, at *4; *Gordon* v. *Kaleida Health*, No. 08 Civ. 378S (F), 2013 WL 2250431, at *4-6 (W.D.N.Y. May 21, 2013). While the Report did not explicitly address prejudice to Defendant, the failure of five Plaintiffs in the sample to respond could cause prejudice to Defendant under the circumstances. A failure to respond by one-sixth of the sample might not ordinarily give rise to a finding of prejudice. *Compare Saleem*, 2013 WL 6331874, at *3 ("Defendants fail to show that there is a material difference between fourteen and sixteen [sample plaintiffs] at this

8

stage of the litigation."), *with Gordon*, 2013 WL 2250431, at *4-6 (dismissing FLSA claims where between 58 and 64 of 100 sample plaintiffs failed to respond). Here, several other Opt-In Plaintiffs within the 30-person sample group have also failed to respond (*see* Dkt. #159, 168); therefore, the failure of the five Plaintiffs at issue here to respond carries a significant risk of prejudice to Defendant.

Accordingly, the Court finds no clear error in the Report's conclusion that dismissal of the Non-Compliant Opt-In Plaintiffs' FLSA claims is warranted.

### b. Retention of the Non-Compliant Opt-In Plaintiffs' New York State Law Claims Is Appropriate

The Report finds that "[i]t would be unjust to dismiss Plaintiffs' state law claims when they fail to comply with FLSA discovery while other Plaintiffs who never opted in to FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal." (Report 4). The Report's conclusion in this regard is in line with how other courts within the Circuit have treated similar situations. *See Enriquez* v. *Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616 (FB) (MDG), 2012 WL 6641650, at *3 (E.D.N.Y. Oct. 22, 2012) ("It would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action."), *report and recommendation adopted*, No. 10 Civ. 5616 (FB) (MDG), 2012 WL 6626008 (E.D.N.Y. Dec. 20, 2012); *see also Johnson* v. *Wave Comm GR LLC*, No. 6:10 Civ. 346 (DNH) (ATB), 2013 WL 992511, at *4 (N.D.N.Y. Jan. 29, 2013) (allowing plaintiffs whose FLSA claims were dismissed to participate in state

9

law class action, if certified), *report and recommendation adopted*, No. 6:10 Civ. 346 (DNH) (ATB), 2013 WL 992186 (N.D.N.Y. Mar. 13, 2013).  Accordingly, this Court finds no clear error in the Report's recommendation that Non-Compliant Opt-In Plaintiffs' state law claims not be dismissed.  (Report 4).

## CONCLUSION

Because the Court has adopted the Report in its entirety, it is hereby ORDERED that the FLSA claims of Brian Araujo, Eliyahu Lederman, Matthew Nyden, Hemrajie Persaud, and Ting Yen Wang are DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: August 19, 2014
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge