

Seth D. Rigrodsky
Admitted in DE, NY

Brian D. Long
Admitted in DE, PA

Timothy J. MacFall
Admitted in NY

Michael Schumacher
Admitted in CA

www.rigrodskylong.com

Marc A. Rigrodsky
Admitted in CT, DC

Gina M. Serra
Admitted in DE, NJ, PA

Jeremy J. Riley
Admitted in DE, FL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 28, 2017
```

**MEMO ENDORSED**

November 8, 2017

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, New York 10007

Re:   Ruiz v. Citibank, N.A., 10 Civ. 5950 (KPF) (RLE)
      <u>Winfield et al. v. Citibank, N.A., 10 Civ. 7304 (KPF) (RLE)</u>

Dear Judge Failla:

We represent Plaintiffs Digna Ruiz, James Steffensen, Zelma Muniz and Adoram Shen ("Plaintiffs") in the above-referenced matters.[1] We write jointly with Defendant Citibank, N.A. ("Citibank") to respectfully request that the Court approve the settlement and dismissal of this matter with prejudice because it is a fair and reasonable resolution of a *bona fide* dispute between the parties.

**I.      BACKGROUND**

Plaintiffs are former Citibank Personal Bankers who have asserted claims against Citibank under the Fair Labor Standards Act of 1938 ("FLSA"), the New York Labor Law, the Illinois Minimum Wage Law, California Labor Code, and the District of Columbia Minimum Wage Act Revision Act. Specifically, Plaintiffs allege that Citibank failed to pay them overtime for all hours worked.

Plaintiff Ruiz was a Personal Banker at Citibank from 6/16/1997- 2/11/2010, and worked in the Forrest Hills branch in New York. Plaintiff Muniz was a Personal Banker at Citibank from

---

[1] Plaintiff Frederick Winfield's claim is addressed in a separate request previously filed with the Court.

8/6/2007-4/21/2010 and worked at the Oswego branch in Illinois. Plaintiffs Steffensen was a Personal Banker at Citibank from 4/17/2006-4/2/2009 and worked at the Manassas and Arlington branches in Virginia. Plaintiff Shen was a Personal Banker at Citibank from 6/26/2006-6/3/2009 and worked at a branch in Los Angeles, California.

### A. Plaintiffs' Position

Plaintiffs allege, in substance, that Citibank engaged in a pattern and practice of of requiring or permitting overtime work without compensation (Ruiz Comlaint ¶ 5; Winfield Amended Complaint, ¶ 23); Citibank was aware of the overtime worked by Plaintiffs (Ruiz Complaint, ¶ 28: Winfield Amended Complaint, ¶ 29); and Plaintiffs were deprived of all overtime compensation to which they were entitled under the law. Ruiz Complaint ¶ 35; Winfield Amended Complaint, ¶ 31.

### B. Defendants' Position

Citibank denied that Plaintiffs worked any uncompensated overtime during their employment or can identify any evidence that they worked off-the-clock or that Citibank knew or should have known of their alleged uncompensated work. Throughout Plaintiffs' employment, Citibank's policies: (1) required them to record all time worked, including overtime, (2) strictly prohibited them from performing "off-the-clock" work either at a manager's request or because of a desire to perform work on their own time, and (3) required them to immediately report any requests or pressure to work off-the-clock to Citibank's Human Resources.

Plaintiffs recorded in Citibank's timekeeping system the time they began work, the time they left for and returned from meal breaks, and the time they left work each day. Citibank paid all the Plaintiffs overtime. At no time during their employment did Plaintiffs ever complain that their managers were pressuring them to work off the clock or that Citibank had failed to pay them for all overtime worked. Citibank contends that these facts would preclude any recovery by Plaintiffs. *See, e.g., Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 170 (W.D.N.Y. 2007) (plaintiff who fails to report time worked must provide specific facts establishing when and how long he performed off-the-clock tasks); *Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22, 37 (W.D.N.Y. 2014) (where "employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA").

In addition, Citibank has a defense that Plaintiff Shen failed to opt out of the California class settlement in *Davis v. Citibank, N.A.,* Case No. 30-2008-00060145 (Cal. Super. Ct.), and released his state law claim through that case. *Vargas v. Capital One Financial Advisors*, 2013 WL 4407094, at *1, *3 (S.D.N.Y., Aug. 15, 2013) (granting defendants' motion to dismiss because previous class action settlement barred plaintiff from bringing subsequent action in which he asserted the same claims). Also, in the absence of settlement, all Plaintiffs are subject to mandatory arbitration agreements that will apply now that this is no longer a class or collective action.

### C. Purported Damages

Under the FLSA, Plaintiffs are eligible for back wages, liquidated damages and reasonable

attorneys' fees and costs. The statute of limitations for an FLSA claim is two years; for a willful violation, the statute of limitations is three years. Plaintiff Ruiz filed her Complaint on August 6, 2010, and Plaintiffs Winfield, Steffensen, Muniz and Shen filed their Complaint on September 22, 2010. None of the Plaintiffs was able to calculate the total amount of alleged overtime worked without compensation.

## II.   SETTLEMENT TERMS

The parties have agreed to settle the claims of Ruiz, Muniz, Steffensen and Shen for the total sum of $20,000, inclusive of attorneys' fees and costs. Under the terms of Plaintiffs' agreement with their counsel, Plaintiffs' counsel, Gainey McKenna & Egleston, will receive $4,999.98 from the settlement payment to Muniz, Steffensen and Shen as attorneys' fees and costs.

The Agreement does not contain any confidentiality or non-disparagement provisions.

The parties' counsel negotiated the terms of the settlement at arm's length after many years of discovery and motions practice, including appeals to the Second Circuit over the denial of class certification of the state law classes.

## III.   THE SETTLEMENT IS FAIR AND REASONABLE

The parties respectfully submit that the Court should approve the settlement because it is a fair, reasonable, and appropriate resolution of their *bona fide* dispute regarding whether Plaintiffs worked any unpaid overtime hours and whether Citibank knew of Plaintiffs' alleged off-the-clock work. The settlement will also allow the parties to avoid the expense and delay that would attend further litigation, since these cases have now been pending for over seven years.

In this Court, an FLSA claim may be dismissed with prejudice only after the Court has reviewed and approved the settlement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.*

To determine whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.*; *see also Beckert v. Rubinov*, No. 15–cv–1951, 2015 WL 6503832, at *1 (S.D.N.Y., Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Here, the parties dispute (1) whether Plaintiffs worked off-the-clock, (2) whether Citibank knew or should have known of Plaintiffs' alleged uncompensated work, and (3) the amount of any alleged uncompensated overtime. The parties' settlement is a fair and reasonable compromise of those disputed issues. The settlement amount here it is a fair reflection of the litigation risks and Citibank's defenses to this case.

Although it is difficult to estimate the potential recovery for Plaintiffs given their inability to recall the amount of alleged uncompensated hours, the $5,000 allocated to each Plaintiff represents payment for over 100 hours of overtime each.

Plaintiffs, who no longer work for Citibank, received no undue pressure to settle their claims. *Cisneros v. Schnipper Rest. LLC*, No. 13-cv-6266, 2014 WL 67235, at *1 (S.D.N.Y., Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant"). The settlement is the product of arm's-length negotiations between counsel. *See Santos & Quintana v. El Tepeyac Butcher Shop*, Case No. 15-cv-4259, 2015 WL 9077172, at *1 (S.D.N.Y., Dec. 15, 2015) (settlement of less than amount Plaintiff claimed was a reasonable compromise because it was the product of arm's-length negotiations and reflected outstanding disputes as to the length of Plaintiffs' employments and number of hours they worked). Settlement of this matter will allow the parties to avoid the expenses of litigation, and dismissal of this matter will not prejudice any other parties.

In sum, the parties' settlement agreement is fair and reasonable.

## V.    CONCLUSION

The parties' settlement, which was reached through arm's-length negotiations during which Plaintiffs were represented by competent counsel, is a fair and reasonable resolution of a *bona fide* dispute regarding the facts underlying Plaintiffs' FLSA, New York Labor Law, Illinois Minimum Wage Act, and California Labor Code claims. Accordingly, the parties respectfully request that the Court approve the enclosed settlement agreement and execute the enclosed proposed order dismissing this matter with prejudice.[2]

We thank the Court for its consideration of this request.

                                        Respectfully,

                                        */s/ Timothy J. MacFall*

                                        Timothy J. MacFall

cc:        Counsel of record (via ECF)

---

[2] Citibank has agreed to the terms of the Settlement Agreement and is in the process of having it executed on its behalf. Citibank will supplement with its signature shortly.

The Court is in receipt of the parties' proposed settlement agreement resolving cases 10 Civ. 5950 (Dkt. #242), and 10 Civ. 7304 (Dkt. #161).  The Court has reviewed the proposal in light of *Cheeks* v. *Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez* v. *Nights of Cabiria*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

While the Court finds that the attorneys' fees provided for in Paragraph 1(f) of the Settlement Agreement are reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rates.

The parties are directed to submit an executed stipulation of dismissal by December 5, 2017.

Finally, by letter dated November 8, 2017, the Court was advised that Plaintiff Frederick Winfield had failed to respond to the diligent efforts of his counsel to locate him. By Order dated November 9, 2017, the Court directed Plaintiff Winfield to advise the Court in writing by November 24, 2017, whether he wished to proceed with his claim.  As Plaintiff Winfield has not responded to the November 9, 2017 Order, it is hereby ORDERED that Plaintiff Winfield's claims are dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to docket this Endorsement in both of the above-referenced matters.

Dated:     November 28, 2017         SO ORDERED.
           New York, New York

                                     *Katherine Polk Failla*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE